**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Thomas Lee HEWIN,**
**Defendant–Appellee.**

**No. 88–1972**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 26, 1989.

Robert Ramos, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

REAVLEY, Circuit Judge:

This appeal concerns the district court's application of the sentencing guidelines to the conviction of Thomas Lee Hewin for conspiracy to possess marijuana with intent to distribute.

Thomas Lee Hewin and Keith Smith were stopped at a border checkpoint in Sierra Blanca, Texas. A border patrolman discovered 76 pounds of marijuana in the trunk of their car. Smith then directed the attention of the patrolman to a two-shot derringer pistol lying in the back seat of the passenger compartment. Hewin and Smith were arrested and later charged in a three count indictment.

In accord with a plea agreement, Hewin pleaded guilty to conspiracy to possess marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and § 846, and the government dismissed the remaining two counts of the indictment against him. The district court sentenced Hewin to 27 months of imprisonment with 2 years of supervised release and a $50.00 special assessment. The district court's calculation of the appropriate term of imprisonment was based on offense level 18 and criminal history category I. In his appeal, Hewin contends that the district court incorrectly applied the sentencing guidelines and that the appropriate offense level is, at most, 14.

A court of appeals shall affirm the sentence unless it is "imposed in violation of law or ... as a result of an incorrect application of the sentencing guidelines" or it is "outside the applicable guideline range and is unreasonable." 18 U.S.C. § 3742(f). Findings of fact by the district court are accepted unless clearly erroneous. 18 U.S.C. § 3742(e). Because we find that the district court correctly applied the sentencing guidelines to factual findings that are not clearly erroneous, we affirm.

Hewin contends the district court erroneously failed to reduce the offense level to reflect his minimal participation in the offense. *See* Sentencing Guidelines § 3B1.2 (Oct. 1987). The determination of participant status is a complex fact question, which requires the trial court to consider the broad context of the defendant's crime. *United States v. Mejia–Orosco,* 867 F.2d 216, 220–21 (5th Cir.), *clarified on reh'g,* 868 F.2d 807 (5th Cir.1989); *see United States v. Buenrostro,* 868 F.2d 135, 137–38 (5th Cir.1989). The district court's findings on this issue will be upheld unless clearly erroneous.

The aim of guideline sections 3B1.1–3B1.4 is to adjust a defendant's offense level, in either direction, to accurately reflect the defendant's culpability in the particular crime. Although there was little basis of comparison presented to the court, Hewin contends that he was among the

least culpable of those involved. The district court acknowledged that both Hewin and Smith were acting as couriers, transporting the marijuana to South Carolina. No other participant was mentioned. A district court may find that a defendant was a courier and yet was not a minimal or minor participant. *See United States v. Velasquez*, 868 F.2d 714, 715 (5th Cir.1989); *United States v. Gallegos*, 868 F.2d 711, 712 (5th Cir.1989); *Buenrostro*, 868 F.2d at 138. The court must assess the demeanor of the defendants and all the relevant information to ascertain Hewin's culpability in the crime. The district court is not clearly in error in finding that neither minimal nor minor participant status is appropriate to the circumstances of Hewin's offense.

██ Hewin further contends that the district court erred in raising the offense level because he was in possession of a two-shot derringer at the time of the offense. If a gun was possessed during the commission of an offense, the offense level should be increased "unless it is clearly improbable that the weapon was connected with the offense." *See Sentencing Guidelines* § 2D1.1(b) and Application Note 3, at 2.40 (Oct.1987). At the sentencing hearing, the court stated to Hewin and Smith: "I don't think either one of you ... were ... ever going to use that dinky little gun in order to keep somebody from taking your marijuana, or to impede justice by threatening an officer." Despite this acknowledgement, the district court raised the offense level 2 levels. Hewin asserts that the court's statement is a finding that a connection between the derringer and the crime was clearly improbable; thus, an upward adjustment was incorrect. We disagree.

Possession of a firearm during a drug offense need not be illegal to warrant the application of § 2D1.1(b). *See United States v. Otero*, 868 F.2d 1412, 1414–15 (5th Cir.1989). Thus, whether the gun was an "integral part of" the crime, *United States v. Robinson*, 857 F.2d 1006, 1010 (5th Cir.1988) (requisite proof of a violation of 18 U.S.C. § 924(c)(2), firearm use in connection with a drug trafficking crime), or otherwise sufficiently connected with the crime to warrant prosecution under an in-

dependent firearm offense, is irrelevant. "[F]irearm use or possession per se is a permissible basis for upward adjustment." *See Otero*, 868 F.2d at 1414.

In this case, the gun was in a box in the back seat of the car. The district court was not obligated to credit the defendants' assertions that the gun had been a gift to Smith and was only coincidentally in the car while they transported 76 pounds of marijuana from Texas to South Carolina. Enhancement would be inappropriate, the Commentary to § 2D1.1(b) suggests, "if the defendant, arrested at his residence, had an unloaded hunting rifle in his closet." *Sentencing Guidelines* Application Note 3, at 2.40; *see also United States v. Vasquez*, 874 F.2d 250 (5th Cir.1989). The circumstances of this case do not approach this example of weapon possession unconnected to the offense. The district court discredited the defendants' explanation of the gun's presence in the car and emphasized the concern expressed in the guidelines that weapons and drugs are a dangerous combination. *See Sentencing Guidelines* Application Note 3, at 2.40. The district court did not err in adding two levels because a firearm was possessed during commission of the offense.

AFFIRMED.