**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Terrence L. SELLERS, Defendant–Appellee.**

No. 91–9513.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1992.

**150**

John R. Morello, Herbert W. Mondros, Peter G. Strasser, Asst. U.S. Attys., Harry Rosenberg, U.S. Atty., New Orleans, La., for plaintiff-appellant.

John Craft, Asst. Federal Public Defender, New Orleans, La., for defendant-appellee.

Before REAVLEY, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Terrence Sellers pled guilty to drug offenses, and was sentenced. On appeal, the government challenges Sellers' sentence, alleging that it was an improper departure from statutory provisions and the Sentencing Guidelines. Because of the recent Supreme Court decision *Wade v. United States,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), we vacate Sellers' sentence and remand the case for resentencing.

### Background and Procedural History

Terrence Sellers was apprehended carrying two kilograms of "crack" cocaine. He subsequently pled guilty to one count of possession of cocaine base with intent to distribute. *See* 21 U.S.C. § 841(a)(1) (1988). Sellers cooperated with the government by providing information concerning his cohorts in the drug trade, but no indictments or arrests were made as a result of Sellers' efforts.

At Sellers' sentencing hearing, the district court departed downward from the Sentencing Guidelines. The court explained that the departure was justified because (1) the Sentencing Guidelines did not adequately consider the minimal nature of Sellers' past offenses, (2) the Sentencing Guidelines did not adequately reflect Sellers' level of culpability, and (3) Sellers had substantially cooperated with the government. The government objected to this departure arguing that Sellers' criminal history did not merit a downward departure and that it was improper to find that Sellers rendered substantial assistance without the filing of a U.S.S.G. § 5K1.1 motion. *See* 18 U.S.C. § 3553(e) (Supp. 1992).[1]

---

1. U.S.S.G. § 5K1.1 p.s. explains that: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." This Sentencing

*Standard of Review*

Our review is narrowly confined by statute. *See* 18 U.S.C. § 3742(f) (Supp.1992). We must "uphold a sentence unless it is imposed in violation of the law or as a result of an incorrect application of the sentencing guidelines, or is a departure from the guideline range and is unreasonable." *United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.), *reh'g denied*, 873 F.2d 297 (5th Cir.1989) (en banc), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

The Supreme Court's decision in *Williams v. United States*, —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), further guides our review. *Williams* addressed "whether a reviewing court may affirm a sentence in which a district court's departure from the guideline range is based on both valid and invalid factors." 112 S.Ct. at 1118. If an appellate court is unable to determine whether the same sentence would have been imposed had the trial court not relied on the improper factor(s), a remand is in order. *Id.* at 1120–21.

*Discussion*

The district court departed from the guideline range for several reasons. First, the court held that the criminal history enhancement provision of the Guidelines distorted the rather minor nature of Sellers' past offenses. *See* R. vol. 3, at 6. This departure is arguably within the sentencing court's discretion. Both 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 permit a departure where the trial court "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (Supp. 1992); *see also Williams*, 112 S.Ct. at 1121 ("The selection of the sentence from within the guideline range, as well as the decision to depart from the range in certain circumstances, are decisions that are left solely to the sentencing court. U.S.S.G. § 5K2.0 p.s.").

Likewise, the court found that the sentence indicated by the Guidelines did not adequately reflect Seller's culpability in the instant drug trafficking operation. *See* R. vol. 3, at 3. Cases discussing departures based on culpability implicate U.S.S.G. § 3B1.2, which provides for an *adjustment* to the offense level upon a finding of minimal participation. *See e.g., United States v. Hewin*, 877 F.2d 3, 4 (5th Cir.1989); *Buenrostro*, 868 F.2d at 138. The Third and Ninth Circuits have taken the view that a *departure* for minimal participation may still be appropriate even when an *adjustment* to the offense level is not warranted. *See United States v. Valdez-Gonzalez*, 957 F.2d 643, 648 (9th Cir.1992); *United States v. Bierley*, 922 F.2d 1061, 1069 (3d Cir.1990). Such a departure is again arguably within the district court's discretion preserved by 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0. The *Valdez-Gonzalez* court reached this conclusion, reasoning that

> [I]n view of the limited application of the section 3B1.2 minimal participant *adjustment*, the Sentencing Commission had failed to consider adequately the role of the defendant in conduct surrounding the offense of conviction. The court thus permitted a downward *departure* analogous to the section 3B1.2 downward adjustment, but based upon defendant's role in events extending beyond the offense of conviction.

957 F.2d at 648 (citations omitted). We do not reach the question of whether or not such a view is correct. The present decision turns on the narrow issue of departures for substantial assistance.

■ The district court held that Sellers was entitled to a downward departure because he provided the government with substantial assistance. *See* R. vol. 3, at 9. Sellers was sentenced before the Supreme Court's decision in *Wade v. United States*, —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). *Wade* makes it clear that absent a § 5K1.1 motion from the government, a downward departure for substan-

---

Guideline provision tracks the statutory language of 18 U.S.C. § 3553(e) (Supp.1992).

tial assistance is not proper. *See Wade,* 112 S.Ct. at 1843.[2] Because we now have the benefit of *Wade,* we conclude the downward departure in Sellers' sentence was based at least in part on an invalid departure factor.

■ As stated earlier, we must uphold a sentence unless it is a result of an incorrect application of the Guidelines. The "use of an invalid departure ground is an incorrect application of the Guidelines." *Williams,* 112 S.Ct. at 1119. Once a determination has been made that a district court departed from the Guidelines on an invalid basis, a remand is appropriate unless the reviewing court concludes that the district court would have imposed a similar sentence without the invalid departure factor. *See Williams,* 112 S.Ct. at 1120–21. Rather than engaging in such a speculative exercise, we remand the case to the district court for resentencing.

*Conclusion*

A departure from the Sentencing Guidelines based on the defendant's substantial assistance to the government requires a U.S.S.G. § 5K1.1 motion. Because the trial court relied on a departure ground invalidated by *Wade,* we VACATE the sentence and REMAND the case for resentencing.

VACATED and REMANDED.

---

**2.** The *Wade* Court held that there may be occasions when a prosecutor's decision not to file a § 5K1.1 substantial assistance motion may be reviewed by the trial court. When the prosecution's refusal to request such a downward departure rests on unconstitutional foundations, *e.g.,* a defendant's race or religion, then the trial court may properly depart for substantial assistance without the prerequisite § 5K1.1 motion. *Wade,* 112 S.Ct. at 1843–44. Such is not the case here, however, and the government motion requirement is applicable.