**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 91-9513
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

TERRENCE L. SELLERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(October 2, 1992)

Before REAVLEY, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Terrence Sellers pled guilty to drug offenses, and was sentenced. On appeal, the government challenges Sellers' sentence, alleging that it was an improper departure from statutory provisions and the Sentencing Guidelines. Because of the recent Supreme Court decision Wade v. United States, -- U.S. --, 112 S. Ct. 1840 (1992), we vacate Sellers' sentence and remand the case for resentencing.

Background and Procedural History

Terrence Sellers was apprehended carrying two kilograms of "crack" cocaine. He subsequently pled guilty to one count of possession of cocaine base with intent to distribute. See 21 U.S.C. § 841(a)(1) (1988). Sellers cooperated with the government

by providing information concerning his cohorts in the drug trade, but no indictments or arrests were made as a result of Sellers' efforts.

At Sellers' sentencing hearing, the district court departed downward from the Sentencing Guidelines.  The court explained that the departure was justified because (1) the Sentencing Guidelines did not adequately consider the minimal nature of Sellers' past offenses, (2) the Sentencing Guidelines did not adequately reflect Seller's level of culpability, and (3) Sellers had substantially cooperated with the government.  The government objected to this departure arguing that Sellers' criminal history did not merit a downward departure and that it was improper to find that Sellers rendered substantial assistance without the filing of a U.S.S.G. § 5K1.1 motion.  See 18 U.S.C. § 3553(e) (Supp. 1992).[1]

Standard of Review

Our review is narrowly confined by statute.  See 18 U.S.C. § 3742(f) (Supp. 1992).  We must "uphold a sentence unless it is imposed in violation of the law or as a result of an incorrect application of the sentencing guidelines, or is a departure from the guideline range and is unreasonable."  United States v. Buenrostro, 868 F.2d 135, 139 (5th Cir.), reh'g denied, 873 F.2d

---

[1]  U.S.S.G. § 5K1.1 p.s. explains that: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  This Sentencing Guideline provision tracks the statutory language of 18 U.S.C. § 3553(e) (Supp. 1992).

2

297 (5th Cir. 1989) (en banc), cert. denied, 495 U.S. 923 (1990).

The Supreme Court's decision in Williams v. United States, --
U.S. --, 112 S. Ct. 1112 (1992), further guides our review.
Williams addressed "whether a reviewing court may affirm a sentence
in which a district court's departure from the guideline range is
based on both valid and invalid factors." 112 S. Ct. at 1118. If
an appellate court is unable to determine whether the same sentence
would have been imposed had the trial court not relied on the
improper factor(s), a remand is in order. Id. at 1120-21.


## Discussion

The district court departed from the guideline range for
several reasons. First, the court held that the criminal history
enhancement provision of the Guidelines distorted the rather minor
nature of Sellers' past offenses. See R. vol. 3, at 6. This
departure is arguably within the sentencing court's discretion.
Both 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 permit a departure
where the trial court "finds that there exists an aggravating or
mitigating circumstance of a kind, or to a degree, not adequately
taken into consideration by the Sentencing Commission in
formulating the guidelines . . . ." 18 U.S.C. § 3553(b) (Supp.
1992); see also Williams v. United States, -- U.S. --, 112 S. Ct.
1112, 1121 (1992) ("The selection of the sentence from within the
guideline range, as well as the decision to depart from the range
in certain circumstances, are decisions that are left solely to the
sentencing court. U.S.S.G. § 5K2.0 p.s.").

3

Likewise, the court found that the sentence indicated by the Guidelines did not adequately reflect Seller's culpability in the instant drug trafficking operation. See R. Vol. 3, at 3. Cases discussing departures based on culpability implicate U.S.S.G. § 3B1.2, which provides for an adjustment to the offense level upon a finding of minimal participation. See e.g., United States v. Hewin, 877 F.2d 3, 4 (5th Cir. 1989); Buenrostro, 868 F.2d at 138. The Third and Ninth Circuits have taken the view that a departure for minimal participation may still be appropriate even when an adjustment to the offense level is not warranted. See United States v. Valdez-Gonzales, 857 F.2d 643, 648 (9th Cir. 1992); United States v. Bierley, 922 F.2d 1061, 1069 (3d Cir. 1990). Such a departure is again arguably within the district court's discretion preserved by 18 U.S.C. 3553(b) and U.S.S.G. § 5K2.0. The Valdez-Gonzalez court reached this conclusion, reasoning that

> [I]n view of the limited application of the section 3B1.2 minimal participant adjustment, the Sentencing Commission had failed to consider adequately the role of the defendant in conduct surrounding the offense of conviction. The court thus permitted a downward departure analogous to the section 3B1.2 downward adjustment, but based upon defendant's role in events extending beyond the offense of conviction.

957 F.2d at 648 (citations omitted). We do not reach the question of whether or not such a view is correct. The present decision turns on the narrow issue of departures for substantial assistance.

The district court held that Sellers was entitled to a downward departure because he provided the government with substantial assistance. See R. vol. 3, at 9. Sellers was

4

sentenced before the Supreme Court's decision in <u>Wade v. United States</u>, -- U.S. --, 112 S. Ct. 1840 (1992). <u>Wade</u> makes it clear that absent a § 5K1.1 motion from the government, a downward departure for substantial assistance is not proper. <u>See</u> <u>Wade</u>, 112 S. Ct at 1843.[2] Because we now have the benefit of <u>Wade</u>, we conclude the downward departure in Sellers' sentence was based at least in part on an invalid departure factor.

As stated earlier, we must uphold a sentence unless it is a result of an incorrect application of the Guidelines. The "use of an invalid departure ground is an incorrect application of the Guidelines." <u>Williams v. United States</u>, -- U.S. --, 112 S. Ct. 1112, 1119 (1992). Once a determination has been made that a district court departed from the Guidelines on an invalid basis, a remand is appropriate unless the reviewing court concludes that the district court would have imposed a similar sentence without the invalid departure factor. <u>See</u> <u>Williams</u>, 112 S. Ct. at 1120-21. Rather than engaging in such a speculative exercise, we remand the case to the district court for resentencing.

Conclusion

A departure from the Sentencing Guidelines based on the

---

[2] The <u>Wade</u> Court held that there may be occasions when a prosecutor's decision not to file a § 5K1.1 substantial assistance motion may be reviewed by the trial court. When the prosecution's refusal to request such a downward departure rests on unconstitutional foundations, <u>e.g.</u>, a defendant's race or religion, then the trial court may properly depart for substantial assistance without the prerequisite § 5K1.1 motion. <u>Wade</u>, 112 S. Ct. at 1843-44. Such is not the case here, however, and the government motion requirement is applicable.

5

defendant's substantial assistance to the government requires a U.S.S.G. § 5K1.1 motion.  Because the trial court relied on a departure ground invalidated by <u>Wade</u>, we VACATE the sentence and REMAND the case for resentencing.

VACATED and REMANDED.