**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTOR F. BEGLEY; JAMES L. BEGLEY;
TONY T. BEGLEY; WAYNE W.
BROWN; TIMOTHY C. BEGLEY,
Plaintiffs-Appellants,

v.

No. 96-1493

GEHL COMPANY, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-95-1055-R)

Argued: May 6, 1997

Decided: May 27, 1997

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Easter Peter Moses, Roanoke, Virginia, for Appellants.
Melissa Walker Robinson, GENTRY, LOCKE, RAKES & MOORE,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Worth, Inc. hired Brick Mason Contractors to perform certain chimney masonry work on the side of an old home that was being converted to an office. To aid in this work, Worth Inc. leased from Rentco, Inc. and provided to Brick Mason Contractors a "Dynalift 663" forklift manufactured by appellee Gehl Company. The Dynalift 663 forklift is, as manufactured, essentially a truck with a telescoping boom (which can extend both upward and outward) which has a two-pronged fork at the end. This particular Dynalift 663 was delivered to Brick Mason by Rentco, and Rentco agents secured a large metal cage of unknown origin to the forks of the forklift. With the cage attached, the forklift could be used as a "manlift" to elevate people to perform work. The Dynalift 663 was liberally plastered with conspicuously-located bright-colored warning labels with large print, one such warning expressly stating "Do Not Use Machine As a Man-lift." See J.A. at 124. Another warning, appearing both inside and out-side the equipment cab, read "No Riders Allowed. Failure to observe warning could result in injury or death." See J.A. at 51. Numerous other warnings were also posted on the forklift, including warnings not to operate the lift without the operator's manual. The operator's manual included numerous additional instructions and warnings against using the Dynalift 663 forklift as a manlift.

Appellants, five employees of Brick Mason contractors, were lifted up in the cage attached to the boom of the Dynalift 663 to perform their repair work by Freddie Begley, Brick Mason's owner. After some work was performed, the forklift was positioned perpendicular to the side of the building on an incline, with the two left wheels on the upside of the incline and the two right wheels on the downside of the incline. The plaintiffs were lifted to a height of approximately thirty-three feet, and then the forklift's boom, holding the forks and cage, was extended forward. The forklift thereafter overturned, seri-ously injuring the plaintiffs. See J.A. at 515-16.

2

The accident was investigated by the Virginia Department of Labor, which cited and fined Brick Mason Contractors for allowing passengers to ride in a power truck on a work platform that was not provided by the manufacturer. See J.A. at 121.

The plaintiffs initially brought suit in state court against both Gehl Company and Rentco on negligence and breach of warranty theories. After some discovery, the state court dismissed the plaintiff's case against Rentco based on Rentco's statutory defense as an employer under the worker's compensation statute. The plaintiffs eventually nonsuited their action against Gehl Company on grounds that they were unable to reasonably predict the future extent of their damages at that time. The plaintiffs later refiled against Gehl Company in state court, and Gehl removed the case to federal court.

The federal district court entered a pretrial order in the second lawsuit on October 27, 1995, establishing deadlines for discovery, motions, and other pretrial matters. Paragraph four of that order stated that "[a]ll motions must be accompanied by a supporting brief. . . . Briefs in opposition must be filed within 14 days of the date of service of the movant's brief. . . . EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION IS WELL TAKEN." J.A. at 1032 (capitalization in original). Gehl Company filed a motion for summary judgment on December 9, 1995. The plaintiffs' counsel made no response within the time period set by the district court. Gehl then filed a supplemental motion for summary judgment based on the plaintiff's failure to file a memorandum in opposition to summary judgment within fourteen days, in violation of a pretrial order. The plaintiffs responded by filing a motion to stay the summary judgment hearing and extend time for additional discovery.

The district court overruled the plaintiffs' motion, and granted Gehl's motion for summary judgment based both on the merits of the dispute and on Gehl's violation of the pretrial order.

On appeal, the plaintiffs argue that the district court erred in granting summary judgment to the defendants on the merits of their claim by misapplying state tort law. They also argue that the district court failed to consider the factors outlined in Herberts v. Saffell, 877 F.2d

3

267 (4th Cir. 1989), prior to granting summary judgment for failure to file responsive pleadings pursuant to the pretrial order. Plaintiffs also argue that the failure to file a response should have been excused, claiming that the court's order was ambiguously worded and internally inconsistent.

Having carefully reviewed the record, briefs, and the contentions of the parties at oral argument, we affirm the district court on the opinion of that court.

AFFIRMED

MICHAEL, Circuit Judge, concurring in part and concurring in the judgment:

I concur in the judgment and readily concur in the majority opinion insofar as it affirms the district court on the merits. However, I believe the district court used the wrong standard (excusable neglect) in deciding its alternative grounds for dismissal, which was based on the plaintiff's failure to file a timely brief in response to defendant's motion for summary judgment. Instead of the "excusable neglect" standard used for the failure to file a timely answer or appeal, the court should have applied a more lenient test identical to the one used in Fed. R. Civ. P. 41(b) dismissals and set forth in Herbert v. Saffell, 877 F.2d 267 (4th Cir. 1989). See id. at 270 (holding that district courts must consider the following factors: the degree of personal responsibility of the plaintiff, the amount of prejudice caused to the defendant, any history of deliberately proceeding in a dilatory fashion, and the existence of sanctions less drastic than dismissal). Because the district court used the wrong standard, I cannot vote to affirm on the alternative grounds for dismissal.

4