United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-51161
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE MANUEL GARCIA-BOTELLO

Defendant - Appellant

———————————————————————————————————————

On Appeal from the United States District Court for the
Western District of Texas, El Paso Division
(EP-02-CR-580-1)

———————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

　　Jose Manuel Garcia-Botello appeals the sentence imposed following his jury conviction

for importation and possession with intent to distribute at least fifty kilograms of marijuana. For

the following reasons, we affirm the judgement of the district court.

　　Following his conviction, Garcia-Botello was sentenced to concurrent terms of 51 months

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

in prison and three years of supervised release. According to Garcia-Botello, the district court's

finding that he was not entitled to a two-level reduction pursuant to USSG § 3B1.2 for being a

minor participant in the event was clearly erroneous. Garcia-Botello asserts that the only role he

played in the alleged criminal activity was driving a truck across the international bridge. He

further contends that the evidence showed that he was a mere courier who was less culpable than

others who participated in the offense.

We review findings related to a defendant's role in an offense for clear error. *United

States v. Deavours*, 219 F.3d 400, 404 (5th Cir. 2000). A finding is not clearly erroneous if it is

plausible in light of the record viewed as a whole. *Burton v. United States*, 237 F.3d 490, 500 (5th

Cir. 2000).

Section 3B1.2(b) of the Sentencing Guidelines authorizes a two-level reduction for a

"minor" participant in a criminal activity. A minor participant is defined as a defendant "who is

less culpable than most other participants, but whose role could not be described as minimal."

USSG § 3B1.2, comment. (n.5). The burden is on the defendant to establish his entitlement to the

reduction by a preponderance of the evidence. *Burton*, 237 F.3d at 503.

This court has held that a "'mule' or transporter of drugs may not be entitled to minor or

minimal status." *United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir. 1993). The

"determination of participant status is a complex fact question, which requires the trial court to

consider the broad context of the defendant's crime." *United States v. Hewin*, 877 F.2d 3, 4 (5th

Cir. 1989). The district court's refusal to grant a reduction based on a defendant's role in the

offense is entitled to great deference. *United States v. Devine*, 934 F.2d 1325, 1340 (5th Cir.

1991).

As the government points out, Garcia-Botello was the lone identifiable participant in the crime at issue. In addition, the only evidence supporting his arguments is his self-serving assertion that he acted as a mule. Furthermore, his account of how he came to be driving the truck is itself suspect. Neither the record nor Garcia-Botello provide any explanation why someone would entrust a stranger that he met in a bar with a truck and a quantity of marijuana worth $89,000. Garcia-Botello has not met his burden of showing that he is entitled to the § 3B1.2(b) reduction. *See Burton*, 237 F.3d at 503; *Hewin*, 877 F.2d at 4-5. Accordingly, the judgement of the district court is AFFIRMED.