United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41053
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIZA LAWONNA BESHIRS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:03-CR-8-2
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Liza Lawonna Beshirs appeals the sentence imposed following
her guilty-plea conviction for conspiracy to manufacture,
distribute, or possess with intent to manufacture, distribute, or
dispense methamphetamine. She argues that the district court
erred in determining that there was a sufficient factual basis to
support application of a two-level adjustment for possession of a
dangerous weapon under U.S.S.G. § 2D1.1(b)(1). She also contends
that the district court erred pursuant to United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker, 125 S. Ct. 738 (2005), by applying this adjustment, and a six-level adjustment for creating a substantial risk of harm to the life of a minor. She contends that the sentencing guidelines are unconstitutional and that enhancing her sentence based on facts to which she did not admit and that were not found by the trier of fact beyond a reasonable doubt violates her Sixth Amendment rights.

After Beshirs filed her notice of appeal, the district court granted the Government's motion for a reduction of sentence pursuant to FED. R. CRIM. P. 35(b) and entered an amended judgment sentencing Beshirs to 81 months of imprisonment. The Government originally filed a motion to dismiss this appeal as moot but has since moved to strike this motion. The motion to strike is construed as a motion to withdraw the motion to dismiss and is granted.

As both parties concede, the district court lacked jurisdiction to grant the FED. R. CRIM. P. 35(b) motion once Beshirs's notice of appeal was filed. See United States v. Hayes, 589 F.2d 811, 827 n.8 (5th Cir. 1979). Accordingly, the district court's amended judgment is void, and the original judgment remains in effect. The proper method for preserving a direct appeal and a post-judgment motion that is not in aid of the appeal is to request a stay from the appellate court when the

district court indicates that it is inclined to grant the post-judgment motion.  See Winchester v. U.S. Attorney for the S. Dist. of Texas, 68 F.3d 947, 949 (5th Cir. 1995).

We review the district court's interpretation and application of the guidelines de novo, and its factual findings for clear error.  See United States v. Villanueva, __ F.3d __, No. 03-20812, 2005 WL 958221 at *7-*8 (5th Cir. Apr. 27, 2005). An adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) is appropriate if a weapon is present "unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, comment (n.3).  Weapon possession is established if the Government proves by a preponderance of the evidence "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."  United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991).  Regardless whether the semi-automatic rifle could have been used for hunting, a supposition which Beshirs offers no evidence to support, the firearm was found in the open, and it is not clearly improbable that it was connected to Beshirs's offense.  See U.S.S.G. § 2D1.1, comment. (n.3); United States v. Hewin, 877 F.2d 3, 5 (5th Cir. 1989).  Accordingly, the district court did not err in imposing the two-level enhancement for possession of a dangerous weapon in connection with a drug-trafficking offense.

In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Booker also struck down 18 U.S.C. § 3553(b)(1) and rendered the guidelines advisory, rather than mandatory. Id. at 764-65. Pursuant to Booker, the increases in Beshirs's offense level under U.S.S.G. § 2D1.1 exceed the maximum sentence authorized by her guilty plea.

Where, as here, a defendant has preserved a Booker challenge in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). As the Government concedes, it has not met its burden of demonstrating beyond a reasonable doubt that this error did not contribute to the sentence that Beshirs received. See United States v. Akpan, __ F.3d __, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. Apr. 14, 2005). Accordingly, we vacate Beshirs's sentence and remand for resentencing in accordance with Booker.

MOTION TO WITHDRAW THE MOTION TO DISMISS GRANTED; AMENDED JUDGMENT VOIDED; SENTENCE VACATED AND REMANDED.