IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40066
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAO TIEN NGUYEN,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Texas
_____

September 22, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

REAVLEY, Circuit Judge:

Hao Tien Nguyen appeals the sentence he received after pleading guilty to

conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. §

§ 1951. The conviction and sentence were imposed for a robbery in which Nguyen and

several other conspirators stole computer chips from a Cyrix Corporation facility in

Richardson, Texas. We affirm.

In his plea agreement Nguyen agreed to plead guilty to count 1 of the indictment, which was reproduced in the agreement and recited certain facts. In connection with the plea agreement, Nguyen also stipulated to certain facts in a factual resume. A probation officer prepared a presentence report (PSR), making findings which were consistent with the plea agreement and factual resume, and which were adopted by the district court as the fact findings of the court. Facts contained in a PSR are considered reliable and may be adopted without further inquiry if they have an adequate evidentiary basis and the defendant fails to present rebuttal evidence. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). At his sentencing hearing Nguyen did not offer rebuttal evidence challenging the specific factual findings in the PSR, although he challenged the conclusions in the PSR that he was an organizer or leader, that he did not accept responsibility, and that he "otherwise used" a firearm in connection with the crime.

A.    Role in the Offense

Nguyen complains of the four-level increase in his offense level for being an organizer or leader under U.S.S.G. § 3B1.1(a). We review the court's finding in this regard for clear error. See United States v. Valencia, 44 F.3d 269, 272 (5th Cir.1995). In making this determination, the court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." United States v.

Navarro, 169 F.3d 228, 235 (5th Cir. 1999) (quoting U.S.S.G. § 3B1.1 application note 4).

The PSR concluded that Nguyen was an organizer or leader and found that he (1) purchased plane tickets for three of the other conspirators who participated in the robbery, and flew with them from California to Texas, where the crime occurred, (2) ordered that the other conspirators at the scene of the crime remain at the scene, hidden and waiting for an unsuspecting employee to exit the Cyrix building, after they considered abandoning the robbery; and (3) paid one of the other participants in the robbery his share of the profits from the robbery. In addition, the factual resume recites that Nguyen recruited five of the other conspirators to participate in the robbery, and paid other members of the robbery crew in addition to the person referenced in the PSR for their assistance in the robbery. Given his recruitment and planning efforts, his demonstrated control over the other robbers at the crime scene, and his control over the fruits of the crime, the district court did not clearly err in finding Nguyen an organizer or leader.

B.      Acceptance of Responsibility

Nguyen complains that the district court erred in declining to reduce his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. A reduction in sentence for acceptance of responsibility "requires a showing of sincere contrition on the defendant's behalf." United States v. Beard, 913 F.2d 193, 199 (5th Cir. 1990). "The mere entry of a guilty plea . . . does not entitle a defendant to a sentencing reduction for

3

acceptance of responsibility as a matter of right." United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992). In determining whether a defendant qualifies for this downward adjustment, "appropriate considerations include . . . truthfully admitting the conduct comprising the offense(s) of conviction." U.S.S.G. § 3E1.1 application note 1(a).

We review the sentencing court's determination of acceptance of responsibility with even more deference that is due for a finding made under the clearly erroneous standard. See United States v. Bermea, 30 F.3d 1539, 1577 (5th Cir. 1994). A sentencing court receives greater deference than usual because of its unique position to assess the defendant's acceptance of responsibility and "true remorse." United States v. Rodriguez, 942 F.2d 899, 902-03 (5th Cir. 1992).

The PSR recommended against a downward adjustment for acceptance of responsibility. It states:

> The probation officer interviewed the defendant in the presence of counsel, Mr. Keith Brown, on October 28, 1997. The defendant would not comment on the circumstances surrounding his conviction unless given an estimate of the guideline applications. As such, the probation officer was not afforded an appropriate opportunity to assess the defendant's acceptance of responsibility.

Nguyen then filed objections to the PSR. Among other objections, he complained that there was no showing or admission that would support the recommended upward adjustment for his leadership role (discussed above), and no allegation that would support the recommended upward adjustment for use of a firearm (discussed below). The pleading states that Nguyen "has indicated to the United States Probation Officer and to

4

agents of the Federal Bureau of Investigation that he is ready, willing, and able to cooperate in this matter at any time, but as of this date no requests have been received by Defendant." In an addendum to the PSR, the probation officer stated that his "position regarding the defendant's acceptance of responsibility has not changed. Considering the objections filed by the defendant, it would appear he is denying the relevant conduct in this case. Thus, the downward adjustment should not be granted."

At the sentencing hearing, the FBI case agent for the crime testified that on three occasions he had attempted to talk to Nguyen and secure his cooperation with regard to the criminal investigation, and that Nguyen had not cooperated. The agent testified that Nguyen "has made no statement to me as far as acceptance of responsibility. Nor has he made any statement to me as to the participation by him in the crime at any point in time." The agent further testified that Nguyen had never cooperated or attempted to give him information about the robbery, and disputed the assertion in the objections to the PSR, quoted above, regarding his willingness to cooperate.

To the extent Nguyen merely objected to the legal characterization of his conduct for purposes of sentencing, we agree with him that such an objection is not grounds for declining to make an adjustment for acceptance of responsibility. Where, as here, the plea agreement expressly granted the defendant to right to appeal "issues related to the application of the Sentencing Guidelines," objecting to the legal characterization of the conduct in issue for sentencing purposes, or merely pointing out that the evidence does not support a particular upward adjustment or other sentencing calculation, does not

5

strike us as a legitimate ground for ruling that the defendant has not accepted responsibility. See United States v. Patino-Cardenas, 85 F.3d 1133, 1136 (5th Cir. 1996) (distinguishing, in context of acceptance of responsibility, between defendant's objection "to the legal characterization" of his alleged leadership role, and denial of "any facts stated in the PSR concerning his role"). However, given the finding in the PSR and the testimony at the sentencing hearing regarding Nguyen's unwillingness to accept responsibility and lack of cooperation in admitting the factual circumstances of the crime, we cannot say that the district court erred in declining to make a downward adjustment for acceptance of responsibility.

C.      "Otherwise Using" a Firearm

Lastly, Nguyen argues that the district court erroneously enhanced his sentence for "otherwise using" a firearm rather than merely "brandishing" a firearm. As the underlying facts are not in dispute, we review the sentencing court's application of the Sentencing Guidelines de novo. United States v. Peterson, 101 F.3d 375, 384 (5th Cir. 1996). Under U.S.S.G. § 2B3.1(a)(2), applicable to robbery: "(A) If a firearm was discharged, increase by 7 levels; (B) if a firearm was otherwise used, increase by 6 levels; (C) if a firearm was brandished, displayed, or possessed, increase by 5 levels." Under U.S.S.G. § 1.B1.1 application note 1(c), "brandished" means "that the weapon was pointed or waved about, or displayed in a threatening manner. " Application note 1(g) defines "otherwise used" to mean "that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm." The issue

6

presented is whether a firearm was "otherwise used" or merely "brandished."

The PSR found that Nguyen and several other robbers met at an apartment two days prior to the robbery. One of the robbers obtained three handguns and returned to the apartment. On the day before the robbery, the conspirators drove by Cyrix twice, in order to further formulate their robbery plan. On the night of the robbery, they hid near a Cyrix employee entrance and waited for an employee to come outside to smoke a cigarette. When the employee did so, Nguyen and two other robbers "immediately attacked the employee . . . at gunpoint and forced him to the ground." The robbers then handcuffed the employee, took his pass card, entered the building using the employee as a hostage, "and held a gun to his head." Once in the building, three other employees were accosted at gunpoint and also handcuffed. The four employees had their eyes covered with duct tape. In the addendum to the PSR, the probation officer found that "it was reasonably foreseeable to the defendant that guns would be used in the robbery."

At the outset, it does not matter whether Nguyen personally held the firearm or firearms used in the robbery. Under U.S.S.G. § 1B1.3(a)(1)(B), in conspiracy and other cases of jointly undertaken criminal activity, the base offense level and specific offense characteristics and adjustments are determined on the basis of the defendant's own acts and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Nguyen argues that the manner in which the firearms were used were not reasonably foreseeable by him. He did not offer evidence rebutting the findings in the PSR and addendum regarding his use of a firearm. The district court was

7

therefore entitled to adopt these findings without further inquiry if they had an adequate evidentiary basis.  See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). The facts to which Nguyen stipulated in the factual resume provide such an evidentiary basis.  They establish Nguyen's leadership role is a carefully planned robbery, which from the outset contemplated accosting and restraining one or more Cyrix employees with firearms.

Nguyen argues that the conduct amounted to no more that brandishing a firearm under United States v. Gonzalez, 40 F.3d 735 (5th Cir. 1994).  In Gonzalez, the defendant had carried out a robbery by pointing a firearm at a store clerk and instructing her to open the cash register.  He did not expressly threaten the clerk, and did nothing more that "point and demand."  Id. at 739.  We held that the defendant had only brandished the weapon, explaining:

> We are convinced that  were we to broaden "otherwise used" to include incidents in which implicit threats may exist, but in which no explicit threats have been made, we would unjustifiably expand the outer limits of prior law as well as the guidelines' definition of "otherwise used."  In essence, "brandishing" would be totally subsumed into "otherwise using" a firearm in every case.  After all, "brandished" is defined in the above quoted guidelines provision as "pointed . . . in a threatening manner."  Thus, we conclude that [defendant's] conduct of pointing a firearm and instructing that the cash register be opened—but doing nothing more—fits precisely the guidelines' definition of  "brandished."

Id. at 740 (footnote omitted).  In Gonzalez, we distinguished United States v. De La Rosa, 911 F.2d 985, 993 (5th Cir. 1990), on grounds that the defendant in the earlier case had made a made a verbal threat to use the firearm in addition to waving it about.  Gonzalez,

8

40 F.3d at 739-40. We have since held that a defendant "otherwise uses" a firearm when guns were pointed at employees during a bank robbery and the robbers threatened to kill the employees if they did not cooperate. See United States v. Burton, 126 F.3d 666, 669, 678 (5th Cir. 1997).

In the pending case, there is no evidence that the robbers made any verbal threats to harm the Cyrix employees in the course of the robbery. We conclude, however, that the conduct of the robbers rose to the level of otherwise using a firearm. In Gonzalez, we held that the robber had not otherwise used the firearm because he did nothing more than "point and demand," and that the "conduct of pointing a firearm and instructing that the cash register be opened—but doing nothing more," amounted to brandishing only. We concluded that "implicit" threats alone did not fall within the ambit of otherwise using the firearm. We have never held, however, that "explicit" threats must be verbal threats. In the pending case, the threat with the guns was explicit, though not verbal. Victims were physically abused and the conduct of the robbers clearly signaled that further violence, including use of the guns, would be the consequence of resistance. The district court did not err in concluding that Nguyen "otherwise used" a firearm.

AFFIRMED.