IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20689
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABIODUN MOHOLAJI MABINOURI,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-111-1
- - - - - - - - - - -
May 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

　　Abiodun Moholaji Mabinouri appeals the sentence he received
after pleading guilty to aiding and abetting the delivery of
stolen U.S. Treasury checks, in violation of 18 U.S.C. §§ 510(b)
and 2.  He challenges the district court's refusal to adjust his
offense level for acceptance of responsibility, the court's
inclusion in its loss calculation of a check for $584,721.99, and
the court's imposition of a two level role-in-the-offense
increase under U.S.S.G. § 3B1.1(c).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The district court acted well within its broad discretion in concluding that Mabinouri had failed to demonstrate acceptance of responsibility. See United States v. Nguyen, 190 F.3d 656, 659 (5th Cir. 1999). Mabinouri's arguments, raised for the first time on appeal, challenging the district court's acceptance of responsibility determination and the district court's loss calculation as violative of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), are also meritless. As Apprendi is inapplicable to this case, there is no error, plain or otherwise. United States v. Meshack, 225 F.3d 556, 576-77 (5th Cir. 2000), cert. denied, 121 S. Ct. 834 (2001), amended on reh'g in part, --- F.3d ----, 2001 WL 224656 (2001). Finally, the district court did not clearly err by imposing a two level role-in-the-offense increase under U.S.S.G. § 3B1.1(c). See United States v. Parker, 133 F.3d 322, 329-30 (5th Cir. 1998).

Accordingly, the judgment is AFFIRMED.