# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 00-30148
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER ARINSON LANDAZURI, also known as Tony,

                                        Defendant-Appellant.

Consolidated with
_____

No. 00-30149
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES WINDELL GLOVER,

                                        Defendant-Appellant.

Consolidated with
_____

No. 00-30239
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RODNEY GREEN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-60030-2
- - - - - - - - - -
July 2, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

These defendants appeal from their guilty plea con-victions arising out of an indictment for conspiracy to distribute cocaine base in the Lafayette, Louisiana area.

### JAVIER ARINSON LANDAZURI

Landazuri pleaded guilty to conspiracy to distribute cocaine base. Landazuri argues that the district court clearly erred in reducing his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 by two rather than three levels. Landazuri has not shown that the district court's finding that he had not given complete information to the Government and had not decided to plead guilty early enough to qualify for the three-level reduction is clearly erroneous. See United States v. Nguyen, 190 F.3d 656, 659 (5th Cir. 1999).

Landazuri argues that the district court erred in not applying the safety-valve provisions of § 5C1.2 of the Sentencing Guidelines. He has not shown that the district court was clearly erroneous in its finding that he did not provide complete information to the Government. See United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996).

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Landazuri argues that in making its findings that Landazuri was responsible for 50 kilograms of cocaine, the district court noted that other evidence supported the testimony of Landazuri's codefendant as to the quantity of drugs traded. Landazuri has not produced any evidence to show that the extent of the district court's reliance on the codefendant's testimony was clearly erroneous. See United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997).

## JAMES WENDELL GLOVER

Glover pleaded guilty to one count of distribution of cocaine base. Glover argues that the district court erred by not reducing his offense level for a minor role in the offense of conviction. As Glover correctly asserts, the conspiracy indictment in which he was charged involved many individuals and the distributing of many kilograms of cocaine base, but he was involved in only a very small part of the overall conspiracy. Had Glover been sentenced based on the entire conspiracy, his argument for minor participant status would have some force. His base offense level, however, was not based on the entire conspiracy. Glover's offense level was based on only the distribution of cocaine base in which he actively participated. This issue has no merit.

## RODNEY GREEN

Green pleaded guilty to one count of distribution of cocaine base. The district court held Green accountable for between 150 and 500 grams based on the testimony of a codefendant, which was confirmed by telephone records and ledger sheets. Green

has not produced any evidence to show that the district court's determination of the amount of cocaine base supplied to Green was clearly erroneous.  <u>Torres</u>, 114 F.3d at 527.

**AFFIRMED.**