

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2002

# USA v. Bellitti

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3044

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Bellitti" (2002). *2002 Decisions.* Paper 307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3044
_____


UNITED STATES OF AMERICA

v.

FRANCESCO BELLITTI,
                              Appellant


_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Criminal No. 89-cr-00049-6
(Honorable Roderick R. McKelvie)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2002

Before:  BECKER, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Filed: May 28, 2002)


_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

     Defendant Francesco Bellitti pled guilty under a plea agreement to six counts of a drug-related indictment.  Bellitti was subsequently sentenced to 262 months' imprisonment, 10 years' supervised release and assessed $300.  On appeal, Bellitti contends the District Court erred in adding two levels to his base offense level under U.S.S.G.  2D1.1(b)(1) because it was not "reasonably foreseeable" that his co-conspirators would be in possession of firearms during drug trafficking activity.

     Because the District Court did not err by enhancing defendant's sentence under U.S.S.G.  2D1.1(b)(1), we will affirm.

                              I.

     We have jurisdiction to hear this appeal under 28 U.S.C.  1291 and 18 U.S.C. 3742(a)(2).

                              II.

     Construction of the guidelines is subject to plenary review, but "factual determinations underlying guideline application are reviewed under a clearly erroneous standard."  United States v. McQuilkin, 97 F.3d 723, 727 (3d Cir. 1996).

                              III.

     In the late 1980s, the FBI began investigating a criminal drug organization being

managed by defendant Francesco Bellitti and Ignazio Lena.  As part of this investigation, undercover FBI agents purchased heroin from Bellitti and others.  The investigation culminated in July 1989 when the undercover agents arranged to purchase one and a quarter kilograms of heroin for $310,000 from Bellitti's organization.  When four of Bellitti's associates delivered the heroin in Delaware, they were arrested.  At the time of their arrest, two of Bellitti's associates were in possession of firearms.

Based on the amount of narcotics involved, Bellitti's base offense level was 36.  Bellitti's sentence was increased by another three levels because of his supervisory role under U.S.S.G.  3B1.1(a).  In addition, this offense level was enhanced two levels in accordance with U.S.S.G.  2D1.1(b)(1) and U.S.S.G.  1B1.3(a)(1)(B) because some of his coconspirators possessed weapons during the commission of the offense.  Bellitti also received a reduction of two levels for his acceptance of responsibility under U.S.S.G.  3E1.1(a).  As a result of these adjustments, Bellitti was assigned a total offense level of 39 and sentenced to 262 months' imprisonment.

This timely appeal followed.

IV.

On appeal, Bellitti challenges the two-level sentencing enhancement applied for possession of firearms because he alleges it was not "reasonably foreseeable" that his coconspirators would possess firearms while carrying out the heroin deal.  We disagree.

The sentencing guidelines provide that if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels."  U.S.S.G.  2D1.1(b)(1).  Furthermore, U.S.S.G.  1B1.3(a)(1)(B) provides that a coconspirator is to be held accountable for "all reasonably foreseeable acts . . . that occurred during the commission of the offense of conviction . . . ."  See also United States v. Johnson, 199 F.3d 123, 127 (3d Cir. 1999) ("Sentencing adjustments may include 'all reasonably foreseeable acts and omissions in furtherance of the jointly undertaken criminal activity.'" (quoting United States v. Nguyen, 190 F.3d 656 (5th Cir. 1999) (citing  1B1.3(a)(1)(B)); United States v. Collado, 975 F.2d 985, 995 (3d Cir. 1992); United States v. Missick, 875 F.2d 1294, 1301 (7th Cir. 1989) ("[Defendant] may still have been properly subject to an enhanced sentence based on the possession of firearms by [co-defendants] without individually possessing a firearm under the theory of coconspirator liability.") (quoted in Johnson, 199 F.3d at 127); United States v. Bianco, 922 F.2d 910, 912 (1st Cir. 1991) ("The value and quantity of controlled substances are simply relevant indicators as to whether a codefendant's possession of a firearm, and the concomitant increase in the risk of violence, during the course of their joint criminal venture, were reasonably foreseeable to the defendant.").

Here, Bellitti had a managerial role in the drug conspiracy.  Bellitti and Ignazio Lena set up and engineered a transaction in which their associates were to deliver over $300,000 worth of heroin to buyers in Delaware.  During the planned delivery, Bellitti's associates were arrested and FBI agents found some of them in possession of firearms.  We endorse the proposition that firearms are the "tools of the trade" for drug dealers, especially in large-scale transactions.  United States v. Martinez, 938 F.2d 1078, 1083-84 (10th Cir. 1991) (surveying cases) (cited in United States v. Price, 13 F.3d 711, 719 (3d Cir. 1994)); see also United States v. Dean, 59 F.3d 1479, 1490 (5th Cir. 1995) ("We have observed repeatedly that firearms are the tools of the trade of those involved in illegal drug activity.").  On these facts, we do not believe it was clear error to conclude that the coconspirators' possession of firearms at the scene of the drug exchange was reasonably foreseeable to Bellitti.  See Collado, 975 F.2d at 995.

V.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica

Circuit Judge