# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**No. 01-50885**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN MARCUS HOWARD,**

**Defendant-Appellant.**

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-22-ALL
- - - - - - - - - - -
June 6, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Marcus Howard appeals his conviction and sentence for bank robbery, a violation of 18 U.S.C. § 2113(a).

Howard argues that the district court erred in denying his motion for production or disclosure of the identity of the confidential informant ("CI") in his case. He believes that the CI was an acquaintance who, in the days following the January 26, 2001, robbery of the Genco Federal Credit Union ("Genco"), spent money from the robbery. He asserts that, had the Government been forced to disclose such identity, he could have shown that it was the CI, rather than he, who committed the robbery. Howard, however, has failed to demonstrate that the evidence reflected that

---

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the CI was significantly involved in the offense, that the disclosure of the CI's identity would have helped the defense, or that the Government's interest in nondisclosure did not outweigh his interest in learning of such identity. See United States v. Sanchez, 988 F.2d 1384, 1391 (5th Cir. 1993); Roviaro v. United States, 353 U.S. 53, 60-62 (1957). He has not shown that the district court abused its discretion in denying the motion for disclosure. Sanchez, 988 F.2d at 1391.

Howard also argues that the district court erred in imposing a six-level Sentencing Guidelines increase based on his having "otherwise used" a firearm, under U.S.S.G. § 2B3.1(b)(2)(B). He maintains that, at worst, a five-level increase for "brandishing" the firearm was applicable. The district court did not clearly err in imposing the six-level increase, because the trial evidence showed that Howard pointed his gun at Genco tellers and at a customer and that he pushed and shoved the customer. See United States v. Nguyen, 190 F.3d 656, 661 (5th Cir. 1999) (explicit verbal threats not required to impose six-level increase for "otherwise us[ing]" firearm); United States v. Jefferson, 258 F.3d 405, 413 (5th Cir.), cert. denied, 122 S. Ct. 379 (2001); § 1B1.1, comment. (n.1(c))) (2000) ("brandishing" requires only "display[ ]" of "all or part of the weapon").

The conviction and sentence are **AFFIRMED**.