IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40838
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

                          versus

ESMERALDA RUIZ,

                                            Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-144-1
--------------------

December 23, 2002
Before DAVIS, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Esmeralda Ruiz appeals her sentence following her guilty-plea conviction for importing marijuana in violation of 21 U.S.C §§ 952(a), 960(a)(1), 960(b)(3) and 18 U.S.C. § 2.  Ruiz argues that the district court erred when it denied a U.S.S.G. § 3E1.1 acceptance of responsibility reduction, that the Government breached the plea agreement when it opposed the acceptance of responsibility reduction, and that the district court erred when it

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied a minimal participant reduction pursuant to U.S.S.G. § 3B1.2.

To qualify for an acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1, Ruiz must prove that she "clearly demonstrate[d] acceptance of responsibility for her offense." U.S.S.G. § 3E1.1. This court reviews the sentencing court's determination of acceptance of responsibility with greater deference than under the clearly erroneous standard. United States v. Chapa-Garza, 62 F.3d 118, 122 (5th Cir. 1995). Because Ruiz did not plead guilty until after a jury was selected, and Ruiz repeatedly denied the conduct comprising the offense, the district court did not clearly err in denying Ruiz an acceptance of responsibility reduction. See United States v. Nguyen, 190 F.3d 656, 659-60 (5th Cir. 1999), and United States v. Diaz, 39 F.3d 568, 570-72 (5th Cir. 1994).

Ruiz also argues that the Government breached the plea agreement by opposing an acceptance of responsibility reduction. Ruiz failed to object on this basis at sentencing. Therefore, this issue is reviewed for plain error. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). The plea agreement specified that the Government agreed to make a recommendation in favor of an acceptance of responsibility reduction only if Ruiz qualified for the reduction under the Guidelines. Ruiz has not demonstrated that she was entitled to an acceptance of responsibility reduction under the Guidelines. Therefore, Ruiz has not demonstrated "the underlying facts that establish the breach by a preponderance of

the evidence." See United States v. Cantu, 185 F.3d 298, 304-05 (5th Cir. 1999) (citation omitted). Ruiz also argues that she was merely recruited as a courier for a single smuggling transaction and argues, therefore, that the trial court committed error in failing to find her a minimal participant and grant a four-level reduction in her offense level pursuant to U.S.S.G. § 3B1.2. This court reviews for clear error the sentencing court's determination that a defendant did not play a minor or minimal role in the offense. United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). Ruiz does not provide record references that establish that she was the "least culpable" of those in a group. Because Ruiz bears the burden of demonstrating that she is a minimal participant in the offense, and because Ruiz has set forth nothing more than a self-serving account of her role, which is unsupported by record evidence, the district court did not clearly err when it found Ruiz to be a minor participant, but not a minimal participant, in the offense. See Zuniga, 18 F.3d at 1261, and United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

Based on the foregoing, the sentence is **AFFIRMED**.