IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50177
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IVORY WHITFIELD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-198-2
--------------------
December 23, 2002
Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Ivory Whitfield appeals his conviction and sentence for aiding and abetting and in possession with intent to distribute in excess of 100 kilograms of marijuana. R. 1, 5-6. Whitfield asserts that the district court abused its discretion in admitting hearsay testimony, expert testimony, and a Western Union receipt. See United States v. Hernandez-Guevara, 162 F.3d 863, 869 (5th Cir. 1998). If an abuse of discretion is found, we review the error under the harmless error doctrine. United

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996). Whitfield has not shown that the district court abused it discretion in admitting any of the challenged evidence. Bourjaily v. United States, 483 U.S. 171, 181 (1987); United States v. Washington, 44 F.3d 1271, 1283 (5th Cir. 1995). Additionally, Whitfield confirms in his brief that he confessed to possessing the marijuana at the time of his arrest. The evidence of Whitfield's guilt is overwhelming and, if there had been any error in admitting the evidence in question, it was harmless.

Whitfield argues that the district court erred by failing to decrease his offense level for acceptance of responsibility because he confessed his involvement at the time of his arrest. This argument is unpersuasive because part of his defense at trial was the suggestion that he made no such confession. The district court did not err in denying a reduction. See United States v. Nguyen, 190 F.3d 656, 659 (5th Cir. 1999).

Whitfield argues that the district court erred by not reducing his offense level for a minimal role in the offense of conviction. Whitfield was trusted with sole custody of the large and valuable shipment of marijuana. Based on this fact, the district court was not clearly erroneous in denying the offense level reduction. United States v. Becerra, 155 F.3d 740, 757 (5th Cir. 1998).

AFFIRMED.