# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-40150
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERARDO MUNIZ-QUINTANA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-773-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gerardo Muniz-Quintana (Muniz) pleaded guilty to having illegally reentered the United States following a prior deportation. He was sentenced to 57 months of imprisonment and a three-year term of supervised release.

In his sole issue on appeal, Muniz argues that the district court erroneously denied him a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. He contends that the district court impermissibly considered his criminal history and his likelihood of recidivism in deciding that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction was unwarranted. We need not decide that issue here. The district court alternatively supported its determination with a finding that Muniz had pleaded guilty in an attempt to get a lower sentence rather than as a result of sincere contrition or remorse. This finding was adequate to refuse the § 3E1.1 reduction. See United States v. Nguyen, 190 F.3d 656, 658 (5th Cir. 1999). The district court's decision not to award the reduction pursuant to § 3E1.1 was not without foundation and will be upheld. United States v. Juarez-Duarte, 513 F.3d 204, 211 (5th Cir.), cert. denied, 128 S. Ct. 2452 (2008).

Even if the district court erred, "[n]ot all errors in determining a defendant's guideline sentence require reversal." United States v. Bonilla, 524 F.3d 647, 656 (5th Cir. 2008). An error in applying the Guidelines is reversible error in cases involving non-Guideline sentences only if the sentence resulted from the error. See id. Moreover, in Bonilla, we concluded that a non-Guidelines sentence does not result from the district court's miscalculation of the Guidelines range if the district court: (1) contemplated the correct Guideline range in its analysis and (2) stated that it would have imposed the same sentence even if that range applied. See id.

The facts in this case are indistinguishable from Bonilla. Here, the district court was aware of the correct Guidelines range with and without the § 3E1.1 reduction. The district court declared that it would have sentenced Muniz to 57 months of imprisonment in any event. Under Bonilla, any assumed error by the district court is not reversible.

AFFIRMED.