# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2010

No. 09-10640
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK ARVIL TAYLOR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-186-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jack Arvil Taylor, Jr., possessed several bombs containing shrapnel-type materials, including nails and metal balls. He pled guilty to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Taylor challenges his sentence imposed following his plea, contending the district court erred by denying an acceptance-of-responsibility reduction under Sentencing Guideline § 3E1.1. This denial was based primarily on the inconsistency between Taylor's claimed intention to explode the devices like firecrackers and the presentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigation report's (PSR) stating the devices were "intended to hurt, maim, and kill". (Because this provided a sufficient basis upon which to deny the reduction, we do not address whether Taylor's statements regarding a related counterfeiting offense also would support such denial.)

A defendant may receive such an offense-level reduction if he "clearly demonstrates acceptance of responsibility for his offense". U.S.S.G. § 3E1.1(a). In other words, the defendant bears the burden of demonstrating the reduction is warranted. *United States v. Flucas,* 99 F.3d 177, 180 (5th Cir. 1996) (per curiam). The district court's decision not to award a reduction will be affirmed "unless it is without foundation, a standard of review more deferential than the clearly erroneous standard". *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir.) (per curiam) (internal quotation marks and citation omitted), *cert. denied*, 128 S. Ct. 2452 (2008).

Taylor first contends the district court erred by finding he made false statements about his intended use for the explosive devices. "As a general rule, information in the [PSR] is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Carbajal,* 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks and citation omitted). Taylor presented no evidence to rebut the PSR's finding that these devices were intended "to hurt, maim, and kill". Therefore, a foundation existed for the district court's finding Taylor's statement inconsistent and false.

Taylor also contends any inconsistency is not a basis for denying the acceptance-of-responsibility reduction because his intended use for the devices was not relevant to the statute of conviction or the guidelines calculations. An acceptance-of-responsibility reduction requires, *inter alia*, "a showing of sincere contrition on the defendant's behalf". *United States v. Medina-Anicacio,* 325 F.3d 638, 648 (5th Cir. 2003) (quoting *United States v. Nguyen*, 190 F.3d 656,

658 (5th Cir. 1999)).  In evaluating a defendant's sincerity, a sentencing court "may consider a defendant's refusal to elaborate on the circumstances surrounding his offense to the probation officer". *Id.* (citing *United States v. Nevarez-Arreola*, 885 F.2d 243, 244, 246 (5th Cir. 1989)).  There is evidence Taylor falsely described his intended use of the devices, which was part of the "circumstances surrounding his offense".

In sum, Taylor has not shown the denial of the reduction for acceptance of responsibility was without foundation.  *See Juarez-Duarte,* 513 F.3d at 211.

AFFIRMED.