UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Luis BARRETO,
Defendant–Appellant.

No. 88–1678

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 14, 1989.

Walter M. Reaves, Jr., West, Tex., for defendant-appellant.

LeRoy Morgan Jahn, U.S. Atty., Richard L. Durbin, Jr., Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine, 21 U.S.C. §§ 846 and 841(a)(1), Jose Luis Barreto appeals, contending that the sentencing statute, commission, and guidelines are unconstitutional and that the trial court erred in its application of the guidelines. Finding the first challenge foreclosed by a recent Supreme Court ruling, and neither error of law nor clearly erroneous finding of fact in the sentencing procedure, we affirm.

*Background*

Barreto owned and operated "Joe's Cottonwood Club," a bar in Waco, Texas which became the focus of an investigation by the Texas Department of Public Safety in late 1987. During a three-month period undercover officers made several purchases of cocaine from Barreto. In a typical scenario the officers indicated an interest in buying cocaine, Barreto made a telephone call, the cocaine was brought to the club and placed in Barreto's automobile, Barreto retrieved the contraband, and delivered it to the officers.

Barreto was arrested on March 4, 1988 while in possession of approximately one-half pound of cocaine which he planned to

sell to an undercover agent. He was later indicted on seven counts of distribution of cocaine, 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); and conspiracy to distribute cocaine, 21 U.S.C. § 846. Pursuant to a plea agreement, the prosecutor dismissed three distribution counts and Barreto entered guilty pleas to the remaining counts.

The initial Presentence Investigation Report reflected an imprisonment range of 41 to 51 months.[1] The court imposed a prison term of 48 months, followed by three years of supervised release. In addition to challenging the validity of the sentencing statute, commission, and guidelines, Barreto contends that the trial court erred in increasing the offense level on the grounds that he was an organizer, and by declining to decrease the offense level because of his acceptance of responsibility.

### Analysis

Barreto's challenges to the constitutionality of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, and 28 U.S.C. §§ 991–998, the United States Sentencing Commission, and the Sentencing Guidelines were rejected by the Supreme Court in *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Those issues are foreclosed.

 He next contends that the district court erred in finding that he was an organizer or leader of the charged criminal activity which led to a two-point increase in his offense level. Guidelines 3B1.1 provides:

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Whether a defendant was "an organizer, leader, manager, or supervisor" of the criminal activity is a question of fact which we review under the clearly erroneous standard, giving due regard to the trial court's assessment of the credibility of the witnesses. 18 U.S.C. § 3742(d); *United States v. Mejia–Orosco*, 868 F.2d 807 (5th Cir.1989). The commentary to sentencing guideline section 3B1.1 suggests that the court consider the following factors in making the organizer, leader, manager, supervisor determination: (1) the exercise of decision-making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. Application Note 3, § 3B1.1.

The district court's finding that Barreto met the organizer requirement is not without foundation and thus is not clearly erroneous. The evidence showed that Barreto acted independently, determining whether to sell to the undercover officers, as well as deciding the quantity, source, and price of the contraband. He orchestrated the time, place, and manner of delivery of the cocaine to him and its subsequent distribution to his customers. He was able to obtain up to one-half pound of cocaine without advance payment and he had more than one source. A "middleman" who simply coordinates the purchase of drugs from sources and sells to others may be an organizer, *see United States v. Davis*, 809 F.2d 1194 (6th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3234, 97 L.Ed.2d 740 (1987), even if his

---

1. The court found the base offense level to be 20, which it adjusted upward to 22 under guideline section 3B1.1(c) relating to organizers of

criminal activities. The court declined to reduce the offense level for acceptance of responsibility as permitted by section 3E1.1.

operation can be characterized as minimally structured. *United States v. Mannino*, 635 F.2d 110 (2d Cir.1980).

 Barreto also contends that he accepted responsibility for his crimes and that the trial court should have allowed a two-point reduction in his offense level. *See* Guideline 3E1.1.[2] The district court's determination of acceptance of responsibility, like its finding with respect to organizer or manager status, is reviewed under the clearly erroneous standard. *United States v. Thomas*, 870 F.2d 174 (5th Cir.1989) (Because the trial court's assessment of a defendant's contrition will rely largely on credibility assessments, its judgment will seldom fall to a clearly erroneous challenge.). *See* Application Note 5, § 3E1.1.[3] In this case, the sentencing court was not persuaded by Barreto's last-minute expression of regrets. His coyness and lack of candor in prior statements to the probation officer and his refusal to identify the sources of the cocaine demonstrate the inadequacies in Barreto's asserted acceptance of accountability for his criminal activity. The factual finding of the district court will not be disturbed.

The sentence imposed by the district court is AFFIRMED.

---

2. § 3E1.1. *Acceptance of Responsibility*
(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter or right.

3. Application Note 5, § 3E1.1 states:
The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.