**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**David M. TELLEZ, Defendant–Appellant.**

**No. 88–1952.**

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1989.

Christine W. Kelso, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for defendant-appellant.

Michael R. Hardy, LeRoy Morgan Jahn, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, DAVIS and DUHE, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of importing marihuana into the United States, David M. Tellez appeals, challenging the validity of the Sentencing Guidelines and contending that the sentencing court erred in finding that he obstructed justice and in concluding that he had not demonstrated adequate acceptance of responsibility for his criminal conduct. Finding no error, we affirm.

## Background

Tellez entered the United States at El Paso, Texas on June 16, 1988. During a routine customs check a customs inspector detected the odor of marihuana coming from the pickup truck Tellez was driving. Upon opening the hood the inspector found five burlap sacks containing 97 pounds of marihuana.

A second customs inspector placed Tellez under arrest and began to handcuff him. Tellez broke away, jumped into his pickup and attempted to flee. The second inspector leaped onto Tellez' vehicle and sought to stop it, finally doing so by causing it to crash into a roadside guardrail. Even then Tellez continued to resist arrest.

After being subdued Tellez confessed his involvement, explaining that he needed the money to feed his heroin addiction. Tellez said he had been contacted by friends, whom he would not identify, and asked to transport the marihuana for an undisclosed sum. He did not disclose his principals or any significant detail of the smuggling operation.

The trial court fixed Tellez's offense level at 20, resulting in a range of incarceration of 33–41 months. Tellez was sentenced to 33 months. In arriving at the offense level the court made an upward adjustment of two, because Tellez had obstructed justice, and then declined to find that Tellez had accepted responsibility for his criminal conduct, a finding which would have resulted in a reduction of two in the offense level. Tellez timely appeals.

## Analysis

Tellez's challenge to the validity of the sentencing guidelines is foreclosed by the

decision in *Mistretta v. United States,* ——— U.S. ———, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). That claim is without merit.

 So, too, is his contention that the sentencing judge erred by increasing his offense level by two, based on a finding that he had obstructed justice. The guidelines instruct that in our review we are to examine the record to

> determine whether the sentence ... is outside the applicable guideline range, and is unreasonable, having regard for (A) the factors to be considered in imposing a sentence ... and (B) the reasons for the imposition of the particular sentence, as stated by the district court....

18 U.S.C. § 3742(e). In doing so, Congress has directed that we are to "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and ... accept the findings of fact of the district court unless they are clearly erroneous and ... give due deference to the district court's application of the guidelines to the facts." Id.

In the case at bar, the district court articulated specific reasons for its upward adjustment of the offense level. Tellez's attempted flight, which endangered not only the life of the arresting officer but the lives of innocent bystanders, and his vigorous efforts to resist arrest after his vehicle crashed into a guardrail, provide adequate support for the trial court's finding of obstruction. We will not disturb that decision.

 Finally, under section 3E1.1 of the guidelines, a reduction of two in the offense level is warranted when "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The trial court declined to make such an adjustment. Tellez claims that the court erred, contending that because he pleaded guilty and cooperated with the authorities he was entitled to this adjustment.

The trial court found Tellez's acceptance of responsibility wanting. Tellez never identified the person or persons who had hired him to smuggle the contraband into the United States; he never disclosed his pay or any significant fact relevant to the smuggling operation. The trial court did not consider his plea of guilty a sufficient "affirmative acceptance of personal responsibility for the criminal conduct." This determination by the sentencing judge is entitled to great deference, greater than that accorded under the clearly erroneous standard, *United States v. Roberson,* 872 F.2d 597, 610 (5th Cir.1989), because the sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. We agree with the sentencing judge and hold that the mere entry of a guilty plea does not automatically entitle a defendant to the two-count reduction granted for the acceptance of responsibility. The trial court may find a guilty plea sufficient for such, but it is not obliged to do so.

The sentence is AFFIRMED.