**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco NEVAREZ–ARREOLA,
Defendant–Appellant.**

No. 89–1342
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 22, 1989.

Luis E. Islas, El Paso, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan Jahn and Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
WILLIAMS and DUHE, Circuit Judges.

PER CURIAM:

Francisco Nevarez–Arreola appeals the district court's sentence following his plea of guilty to, and conviction of, conspiracy to possess heroin with intent to distribute, 21 U.S.C. § 846. The court denied Nevarez–Arreola's two requests for downward adjustments in his offense level under the Sentencing Guidelines, finding that he neither qualified as a minimal or minor participant under guideline section 3B1.2 nor had he accepted personal responsibility for the offense under guideline section 3E1.1. Because the two findings are not clearly erroneous, we affirm.

## I.

Appellant Nevarez–Arreola and his codefendant below, Pedro Morales–Torres, met with two Bureau of Alcohol, Tobacco and Firearms undercover agents in El Paso, Texas, to negotiate a drugs-for-weapons transaction. Failing to conclude a bargain, the parties conducted several follow-up telephone conversations, finally agreeing that in exchange for thirty pistols and $80,-000 the defendants would deliver four ounces, nine grams of heroin. It was agreed that Morales–Torres would meet one agent in one part of El Paso while Nevarez–Arreola simultaneously would meet the second agent at another location. The meetings took place and both defendants were arrested immediately after Nevarez–Arreola handed to the second agent approximately 107 grams of heroin. Morales–Torres had provided a .13 gram sample to the first agent.

Nevarez–Arreola was charged with the following four counts under a five-count indictment: conspiracy to possess more than 100 grams of heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); possession with intent to distribute more than 100 grams of heroin, contrary to 21 U.S.C. § 841(a)(1) (count 2); aiding and abetting possession with intent to distribute more than 100 grams of heroin within one thousand feet of a public junior high school, in violation of 21 U.S.C. § 845a (count 3); and conspiracy to receive firearms shipped in interstate commerce with the intent to use them to violate narcotics laws, contrary to 18 U.S.C. §§ 371 and 924(b) (count 4). Nevarez–Arreola plead guilty to count 1 in return for dismissal of the remaining counts.

At the presentence interview with a probation officer, appellant stated that he agreed with the factual scenario outlined in the preceding paragraph. He told the officer that he participated in the offense as a favor to Morales–Torres, that he was to receive no compensation for his services and that he got involved purely out of his own stupidity.

The probation officer stated in the presentence report that he disbelieved Nevarez–Arreola's statements and that, in the officer's opinion, Nevarez–Arreola appeared not to have accepted personal responsibility for the crime. The report further stated that both defendants were equally culpable in the conduct of the offense. The officer calculated the sentence under the Sentencing Guidelines at 70 to 87 months, plus five years supervised release and a mandatory fifty dollar assessment. The recommended sentence was based on guidelines offense level 26, derived from the nature of the offense and the defendant's moderate criminal history (level 2), with no upward or downward adjustment in the offense level warranted.

At the sentencing hearing, Nevarez–Arreola's counsel objected to the recommendations in the presentence report, asserting that the defendant deserved a four-level downward offense-level adjustment because he was a "minimal participant," or at least a two-level downward adjustment for being a "minor participant," under guideline section 3B1.2. Counsel also objected to the report on the ground that the defendant had accepted personal responsibility for his role in the crime and on that basis also should receive a two-level downward adjustment. The court disagreed with both objections, finding the defendant's claims incredible. The defendant declined to allocute. The court sentenced Nevarez–Arreola to 70 months imprisonment followed by five years supervised release, and made the mandatory fifty dollar assessment.

## II.

Nevarez–Arreola appeals his sentence on two grounds. First, he contends that the district court erred in denying him minimal participant status, which would entitle him to a four-level downward sentence adjustment under guideline section 3B1.2. He claims that the record clearly shows his involvement was not significant until he actually delivered the heroin, and that he was subservient to Morales–Torres, who bargained with the government agents at the initial meeting and conducted the sub-

sequent telephone negotiations. He does not appeal the denial of minor participant status.

Second, Nevarez–Arreola complains that the district court erred by refusing a two-level downward adjustment for acceptance of responsibility under guideline section 3E1.1. He points out that he did not attempt to escape arrest and that he pleaded guilty to the count on which he was sentenced. He explains his failure to give the arresting agents and the probation officer a more detailed explanation of the crime by claiming that as a minimal participant he was unable to relate a clearer account of his and Morales–Torres' activities.

### III.

Our role in reviewing sentences made under the guidelines is confined to determining whether a sentence was "imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(e). We must affirm guideline applications based on factual findings that are not clearly erroneous, *United States v. Mejia–Orosco,* 867 F.2d 216, 221, *clarified on petition for reh'g,* 868 F.2d 807 (5th Cir.) *cert. denied,* — U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989), including applications based on findings concerning a defendant's degree of participation in criminal activity under guideline section 3B1. *See id.; United States v. Hewin,* 877 F.2d 3, 4 (5th Cir. 1989).

The sentencing court must reduce the defendant's offense level by four if it finds the defendant to have been a minimal participant in the crime. Guideline § 3B1.2(a). Section 3B1.2(a) applies to defendants who "are plainly among the least culpable" of those involved in the criminal activity. Application Note 1 to § 3B1.2(a). The defendant's lack of understanding of the enterprise's scope and structure and of the activities of others are indicative of the role of minimal participant. *Id.* Application of section 3B1.2(a) is appropriate, for example, to "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana

shipment" or "was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Application Note 2 to § 3B1.2(a). The section is designed to be applied infrequently, as many offenses are committed by actors of "roughly equal culpability so that none of them will receive an adjustment...." Commentary to § 3B1.4.

■ Nevarez–Arreola was not a minimal participant in this conspiracy. He accompanied Morales–Torres at the initial meeting with the government agents, which indicates the role of silent principal rather than errand-runner. Except for the .13 gram sample that Morales–Torres furnished to the first agent, Nevarez–Arreola alone had charge of and delivered the 107 grams of heroin. He also assented to the prosecutor's factual basis for conviction which described him as Morales–Torres' "partner."

This court has affirmed a finding that couriers whose only role in a drug offense was to transport a large amount of marijuana in an automobile are not entitled to minimal, or even minor, participant status. *Hewin,* 877 F.2d at 4–5. Nevarez–Arreola's level of participation, deeper than that of a mere courier, compels the conclusion that the district court's finding was not clearly erroneous.

■ Nevarez–Arreola's second contention, that the district court erred in determining that he had not accepted responsibility for his role in the offense, is also without merit. The determination of the sentencing court as to whether the defendant has accepted responsibility is entitled to even greater deference than that accorded under a pure clearly erroneous standard. *United States v. Roberson,* 872 F.2d 597, 610 (5th Cir.1989); *United States v. Tellez,* 882 F.2d 141, 143 (5th Cir.1989). This is so because the sentencing judge is in a unique position to evaluate whether the defendant has indeed accepted responsibility. *Id.*

■ Turning now to the substance of the guidelines, section 3E1.1(a) provides that the sentencing court must reduce the of-

fense level by two if "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense...." A "defendant may be given consideration under this section without regard to whether his conviction is based on a guilty plea or finding of guilt by the court or jury...." § 3E1.1(b). Furthermore, a guilty plea does not as a matter of right entitle the defendant to the reduction. § 3E1.1(c). A guilty plea may, however, be considered evidence of acceptance of responsibility. Commentary to § 3E1.1. This court has affirmed a downward adjustment for a defendant who voluntarily surrenders to authorities, *United States v. Toles*, 867 F.2d 222, 223 (5th Cir.1989), and has affirmed the denial of the adjustment to one who had attempted to escape arrest. *United States v. Franco-Torres*, 869 F.2d 797, 799 (5th Cir.1989).

█ The record amply supports a finding that the defendant did not accept responsibility. The district court found that the plea bargain was a "motivating factor" in Nevarez–Arreola's pleading guilty. The overwhelming evidence of the defendant's guilt of each of the counts viewed against the lenience of the government's plea agreement supports this finding. Although he did not attempt to escape arrest, Nevarez–Arreola did not surrender; he was arrested. Moreover, Nevarez–Arreola failed to elaborate on the circumstances surrounding the offense to the probation officer which "may ... be considered in evaluating a defendant's sincerity in claiming acceptance of responsibility." Background commentary to guideline § 5K1.2. *See United States v. Barreto*, 871 F.2d 511, 513 (5th Cir.1989). Finally, the defendant refused to allocute at sentencing, and the record reveals no other statement by Nevarez–Arreola expressing remorse or contrition. *See United States v. Gordon*, 876 F.2d 1121, 1127–28 (5th Cir.1989). The district court's finding was not clearly erroneous.

## IV.

Because the district court applied the guidelines in accordance with findings that were not clearly erroneous, the judgment and sentence under the Sentencing Reform Act are

AFFIRMED.