CORRECTED

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No.96-31262
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE LAWSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana

(96-CR-27)

October 22, 1997

Before POLITZ, Chief Judge, STEWART and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tyrone Lawson appeals his sentence following a jury conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He contends that: (1) the district court was clearly erroneous in finding that he played a supervisory role in procuring others to transport cocaine and, based thereon, added a two-level increase to his offense level; and (2) the district court did not have sufficient proof to find that he distributed more than five kilograms of cocaine. Finding neither error of law nor clearly erroneous finding of fact in the sentencing procedure, we affirm.

## BACKGROUND

In 1995 Lawson recruited Chrystyle Jones to transport cocaine from Houston to Baton Rouge. On one trip Jones asked a friend, Shontay Stansberry, to accompany her. Thereafter, both women began transporting cocaine for Lawson. On some of their trips Lawson gave the women money to give to Jonathon Beal, his designated supplier in Houston. The women would pick up the cocaine in Houston and deliver it to Lawson in Baton Rouge.

On one such trip in March of 1996 the women were stopped by law-enforcement agents who found cocaine after Jones consented to the search of her car. The women confessed that they were transporting the cocaine for Lawson and agreed to cooperate with the authorities. Shortly therafter, after Lawson left Jones'

2

apartment in Baton Rouge with the cocaine he was arrested. Lawson was charged with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and unlawful use of a communications facility.[1] The jury found Lawson guilty of possession with intent to distribute, returned a verdict of not guilty of the charge of unlawful use of a communications facility, and deadlocked on the conspiracy count. After a sentencing hearing, the district court departed upwards from the sentencing guidelines and sentenced Lawson to prison for 235 months and imposed a five year term of supervised release. The district court also ordered the statutory assessment of $50.00. Lawson timely appealed.

**ANALYSIS**

Lawson's contention that the district court was clearly erroneous in finding that he played a supervisory role in procuring others to transport cocaine for him, thus warranting a two-level increase in the guideline offense level, is totally devoid of merit. Jones and Stansberry testified that Lawson paid them to transport cocaine on his behalf. The women, on numerous occasions, took Lawson's money to Houston, made a prearranged payment and pick up of cocaine, and returned the contraband to Lawson in Baton Rouge, where they received payment for their courier services. The district court heard this testimony and obviously found the

---

[1] 21 U.S.C. §§ 846, 841(a)(1), 843(b) and 18 U.S.C. § 2.

women credible. Its finding that Lawson was a supervisor as envisioned by the sentencing guidelines is well founded and, patently, is not clearly erroneous.[2]

Lawson maintains that in sentencing the district court erroneously relied on the presentence report to determine the quantity of cocaine that he possessed. Lawson objects to the conclusion reached in the report regarding the quantity of cocaine because it ostensibly was based solely on the statements of Jones and Stansberry. We otherwise view the record. The district court had more than sufficient proof to find that Lawson distributed in excess of five kilograms of cocaine. Jones and Stansberry delivered 2.79 kilograms of the drug to him on the day he was arrested. This, coupled with their testimony that they delivered cocaine to him in kilo quantities on multiple occasions, provided abundant evidence for the determination that Lawson was involved in the distribution of over five kilograms of cocaine.

The sentence imposed by the district court is AFFIRMED.

---

[2]**United States v. Barreto**, 871 F.2d 511 (5th Cir. 1989)