IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10883
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WBLESTER PINEDA RODRIGUEZ;
MIGUEL ROJAS RIVERA,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:97-CR-96-2
- - - - - - - - - -
June 30, 1999

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Wblester Pineda Rodriguez appeals from his conviction of

possession with intent to distribute methamphetamine and

conspiracy to possess with intent to distribute methamphetamine.

Rodriguez and Miguel Rojas Rivera appeal from their sentences for

both offenses.  Rodriguez contends that the evidence was

insufficient to support his conviction; that the district court

erred by adjusting his offense level for obstruction of justice

based on his trial testimony; and that the district court erred

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by declining to adjust his offense level for minimal participation. Rivera contends that the district court erred by adjusting his offense level because he was a leader or organizer and that he received ineffective assistance of counsel at sentencing. Rodriguez and Rivera both contend that the district court erred by attributing methamphetamine from a September 1997 transaction to them.

The evidence at trial was sufficient to prove that Rodriguez knowingly possessed methamphetamine in November 1997 and that he intended to distribute that methamphetamine. *United States v. Cardenas*, 9 F.3d 1139, 1158 (5th Cir. 1993). The evidence was sufficient to prove an agreement to move methamphetamine from California to Texas; Rodriguez's knowledge of that agreement; and Rodriguez's voluntary participation in the agreement. *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989).

The finding that Rodriguez committed perjury at trial was not erroneous. Rodriguez's testimony about his participation in the offense was directly contradicted by other evidence at the trial. The district court could have found that Rodriguez willfully gave false testimony concerning material matters. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

Rodriguez was sentenced on activity in which he actually was involved. No downward adjustment for Rodriguez's role in the offense was necessary. *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).

The finding that Rivera was a leader or organizer was not erroneous. There were five or more participants in Rivera's

offense and the nature and extent of Rivera's participation in the offense were sufficient for a leader/organizer finding. *See United States v. Boutte*, 13 F.3d 855, 860 (5th Cir. 1994); *United States v. Barreto*, 871 F.2d 511, 512 (5th Cir. 1989).

Finally, the estimate used for the September 1997 drug run was not erroneous. *See United States v. Sherrod*, 964 F.2d 1501, 1508 (5th Cir. 1992). The two drug runs were done in near-identical fashion; it was not unreasonable to assume that the same amount of methamphetamine was involved in both drug runs.

AFFIRMED.