IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40220
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

versus

ROBERTO GODINA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-1229-ALL
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roberto Godina pleaded guilty to possessing less than fifty kilograms of marijuana with the intent to distribute after United States customs officials at a border checkpoint discovered marijuana hidden in the automobile he was driving. The district court sentenced Godina to a term of 21 months' imprisonment, followed by a three-year term of supervised release.

Godina argues that his sentence is excessive because the district court erroneously denied him a three-level reduction in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant has the burden of demonstrating that he is entitled to a reduction under § 3E1.1. United States v. Bermea, 30 F.3d 1539, 1577 (5th Cir. 1994). Whether a defendant clearly demonstrates an acceptance of responsibility is a question of fact. United States v. Perez, 915 F.2d 947, 950 (5th Cir. 1990). Because the district court is uniquely qualified to evaluate whether the defendant has accepted responsibility, this court reviews such a determination with even more deference than would be given to a finding under a "clearly erroneous" standard. See United States v. Nguyen, 190 F.3d 656, 659 (5th Cir. 1999). A denial of acceptance of responsibility will be affirmed unless the district court's finding is "without foundation." United States v. Brace, 145 F.3d 247, 264 (5th Cir. 1998) (en banc).

The district court denied the reduction for acceptance of responsibility because it did not believe that Godina had provided complete information concerning his involvement in the offense. A defendant's refusal to identify the persons who hired him to transport drugs or to explain his financial arrangements with his employers will support the denial of a reduction in offense level for acceptance of responsibility. United States v. Tellez, 882 F.2d 141, 143 (5th Cir. 1989); United States v. Barreto, 871 F.2d 511, 513 (5th Cir. 1989).

AFFIRMED.