United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30085
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL POWELL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50111-9
- - - - - - - - - -

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Paul Powell appeals the sentence imposed following his

guilty-plea conviction for conspiracy to possess with intent to

distribute MDMA, which is commonly known as Ecstasy.  Powell

first argues that the district court erred by attributing to him

drugs that were not a part of the conspiracy.  He also contends

that the district court erred by denying an adjustment, pursuant

to U.S.S.G. § 3B1.2, for a minor or minimal role in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Pre-Sentence Report (PSR) contained information that Powell and a coconspirator purchased 800 Ecstasy tablets in The Netherlands. Because Powell failed to rebut this fact, the district court was free to adopt it without further inquiry. See United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990).

The Government presented unchallenged testimony to the effect that Powell assisted in counting 3000 Ecstasy tablets transported from California to Texas, and that the conspirators later made efforts to sell those pills. Powell admits that he traveled to Florida to sell a portion of these tablets. In view of the above, Powell has failed to show that the district court's attribution of 3800 Ecstasy tablets to him was clearly erroneous. See United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992); U.S.S.G. § 1B1.3(a)(1)(B), comment. (n.2).

Finally, given the unrebutted evidence of Powell's participation in the acquisition, transportation, and distribution of Ecstasy tablets, the district court's determination that Powell did not play a minor role in the offense was not clearly erroneous. See United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989); United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000). Accordingly, the judgment of the district court is AFFIRMED.