United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40862
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO JESUS ARAMBUL; ABELARDO ANDAVERDE-GONZALEZ
aka Abelardo De Verde-Gonzalez,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-5-4
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rolando Jesus Arambul and Abelardo Andaverde-Gonzalez were convicted of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, and with aiding and abetting possession with intent to distribute 3,961.4 kilograms of marijuana, all in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); 18 U.S.C. § 2. Arambul was sentenced to 210 months in prison and a five-year term of supervised release. Andaverde was sentenced to 168 months of imprisonment and a five-year term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release. Both Arambul and Andaverde filed timely notices of appeal.

Arambul argues only that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the statute's structure treats drug types and quantities as sentencing factors. Arambul concedes that his argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but he raises the issue in order to preserve it for possible Supreme Court review.

Andaverde argues that there was insufficient evidence to support his convictions. There was evidence that Andaverde helped to unload a U-Haul truck full of marijuana into a vacant stash house and that the marijuana was stacked floor to ceiling and wall to wall in a bedroom. There was also evidence that Andaverde helped to unpackage some of the marijuana from the nylon flour sacks in which it was contained and that, of all the participants arrested, Andaverde's clothes were the dirtiest from the white flour from the nylon sacks. Viewing this evidence in the light most favorable to the verdict, there was sufficient evidence to support Andaverde's convictions. See United States v. Alix, 86 F.3d 429, 436 (5th Cir. 1996); United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996); United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994); United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994); United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992).

Andaverde also argues that the district court erred in refusing to assign him a mitigating role in the offense. However, Andaverde has not met his burden of showing that the district court clearly erred in determining that he did not play a minor or minimal role in the offense. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994); United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989).

AFFIRMED.