United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20220
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GAUCIN FLORES; GILBERT LEE HOBBS; JESUS VASQUEZ,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
(H-02-CR-379-7
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellees Miguel Flores, Gilbert Hobbs, and Jesus
Vasquez were found guilty by a jury of (1) conspiracy to distribute
five kilograms or more of cocaine and (2) aiding and abetting the
possession with intent to distribute five kilograms or more of
cocaine.  On appeal, Flores and Vasquez challenge the sufficiency
of the evidence.  Vasquez additionally argues that a co-
conspirator's testimony was improper rebuttal evidence; he was not
afforded an opportunity to debrief with the government to qualify

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a safety-valve reduction; and the district court erred in not granting him a minor-role adjustment to his offense level. Hobbs argues that the district court abused its discretion in not continuing the trial following the government's failure to provide the defense with the chemist's resume and the bases of his opinion that the substance involved in the offense was cocaine.

Flores moved for acquittal at the close of the government's case and at the close of all of the evidence. His challenge to the sufficiency of the evidence is thus reviewed under the Jackson v. Virginia, 443 U.S. 307, 319 (1979), standard: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Vasquez did not renew his FED. R. CRIM. P. 29 motion for acquittal at the close of all the evidence, and his sufficiency challenge is limited to whether there was a manifest miscarriage of justice, i.e., whether "the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking." United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).

Our review of the record reveals that there was sufficient evidence that Flores knew of, participated in, and assisted the venture in the transporting of cocaine. United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997); United States v. Alvarez, 625 F.2d 1196, 1198 (5th Cir. 1980). Also, the record is not devoid of

evidence that Vasquez knew of, participated in, and assisted the conspiracy in the transporting of cocaine.

Juan Ybarra's testimony was not improper rebuttal evidence, and the district court did not abuse its discretion in allowing it. See United States v. Sanchez, 988 F.2d 1384, 1393 (5th Cir. 1993). The district court's determination that Vasquez would not have provided full information about the offense was not clear error, and the district court did not err in denying his request to be debriefed in an effort to qualify for a offense-level reduction under U.S..S.G. § 2D1.1(b)(6). See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999). Neither did the district court clearly err in finding that Vasquez was not entitled to an adjustment for plalying a minor role in the offense. United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

Hobbs fails to show an abuse of discretion or reversible error by the district court in its denial of the defendants' motion for a continuance to investigate the government's chemist's qualifications and the bases of his opinion. United States v. Garrett, 238 F.3d 293, 299 (5th Cir. 2000); United States v. Katz, 178 F.3d 368, 372 (5th Cir. 1999).
AFFIRMED.