IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50865
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDDY WILKINS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-233-ALL

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eddy Wilkins appeals his sentence following his guilty plea conviction of importation of marijuana and possession with intent to distribute marijuana. Wilkins argues that the district court clearly erred in denying him a two-level minor role adjustment under U.S.S.G. § 3B1.2. He contends that the adjustment was warranted because he was a mere courier who was less culpable than other participants in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether a defendant is a minor or minimal participant is a factual determination that is reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Pursuant to § 3B1.2, a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5).

The district court did not clearly err in denying Wilkins a minor role adjustment. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995); United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

Accordingly, the judgment of the district court is AFFIRMED.