# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-40796
Summary Calendar

UNITED STATES OF AMERICA

　　　　　　　　　　Plaintiff-Appellee

v.

ARTURO BERMUDEZ-TREVINO

　　　　　　　　　　Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-154-1

Before GARWOOD, WIENER, and GARZA, Circuit Judges.

PER CURIAM:[*]

　　Arturo Bermudez-Trevino (Bermudez) appeals his August 2007 sentence following his guilty plea conviction of possession with intent to distribute more than 100 but less than 1,000 kilograms of marijuana in violation of 18 U.S.C. §§ 2, 841(a)(1), (b)(1)(B). Bermudez's sole contention on appeal is that the district court clearly erred in denying him a two-level minor role adjustment under U.S.S.G. § 3B1.2. He contends that the adjustment was warranted because he was a mere courier who was less culpable than other participants in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bermudez was the driver and sole occupant of a truck carrying some 819 kilograms of marijuana from Alto Bonito, Texas to Mission, Texas.

The district court accepted the PSR and its calculation of the advisory guideline range of 97 to 121 months. Bermudez's counsel requested a two level downward adjustment in offense level under section 3B1.2, arguing that Bermudez had only a minor role in the offense. As Bermudez's counsel points out on this appeal, a minor role adjustment would have produced a guideline range of 78 to 97 months. The PSR recommended denial of the requested minor participant adjustment. The district court considered and rejected it, stating:

> "With regards to the role in the offense, as far as I'm concerned this is someone who could not be possibly considered minimal or minor. This is somebody who had to take some serious steps with regards to his involvement in this case, and I would deny that objection, also.
>
> . . .
>
> . . . This is 800 kilograms of marijuana. This is 16 – 1800 pounds of marijuana. This is a lot of marijuana. He had just been placed on probation two months before for 26 pounds of marijuana. This is not somebody who is at the bridge or trying to cross here looking for a job and somebody says, I'm going to throw a hundred dollars at you, you take this across the border."

The court ultimately sentenced Bermudez to 97 months, stating "I did closely consider all of the factors that would apply in 3553(a) and found this to be the appropriate sentence."

Whether a defendant is a minor or minimal participant is a factual determination that is reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Pursuant to § 3B1.2, a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). The defendant bears the burden of

establishing his entitlement to the minor participant adjustment.  United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000).

Bermudez's courier status alone did not entitle him to a role adjustment because a defendant may be a courier without being "substantially less culpable than the average participant."  United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).  Thus, the district court did not clearly err in denying Bermudez a minor role adjustment.  See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995); United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

Accordingly, the judgment of the district court is AFFIRMED.