IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51277
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PABLO GALLEGOS-URIAS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-115-ALL

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pablo Gallegos-Urias appeals his 33-month sentence following his conviction for aiding and abetting in the importation of and possession with intent to distribute marijuana. He argues that the district court erred in denying a U.S.S.G. § 3B1.2 reduction for his minor role in the offense based on its finding that there were no other participants in the offense. Gallegos-Urias contends that the evidence at trial established at least one other participant in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offense. He also contends that he was entitled to the reduction because he merely acted as a courier.

The district court's refusal to grant Gallegos-Urias a two-level reduction for being a minor participant was not clearly erroneous. See United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005). Gallegos-Urias's courier status did not entitle him to a role adjustment because a defendant may be a courier without being "substantially less culpable than the average participant." See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989). Gallegos-Urias's attempt to import 49 kilograms of marijuana provided an indispensable service to the drug trafficking offense and was essential to its success. See Brown, 54 F.3d at 241; see also United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Moreover, Gallegos-Urias was actually involved in importing and possessing a distributable quantity of marijuana. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995). Accordingly, the judgment of the district court is AFFIRMED.