**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50836
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSVALDO ALDERETE-DAVILA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-671-2

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Osvaldo Alderete-Davila (Alderete) appeals his sentence of two consecutive terms of imprisonment. Alderete pleaded guilty to possession with intent to distribute marijuana, conspiracy to import marijuana, and conspiracy to possess with the intent to distribute marijuana. The charges were based on two incidents. On September 24, 2005, Border Patrol agents observed Alderete drive a van to a location near the border with Mexico. Several individuals crossed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from Mexico into the United States and began to load marijuana into the van. When the agents approached, the individuals and Alderete fled into Mexico. Agents seized the van and discovered 467.02 kilograms of marijuana inside. On October 23, 2005, Alderete drove another van to a location close to the border with Mexico. Individuals crossed from Mexico into the United States and loaded bags into the van. Alderete then drove the van to the home of Cipriano Ernesto Ortiz-Hernandez (Ortiz). After Alderete left, Drug Enforcement Agency agents searched the van with Ortiz's consent and discovered 204.12 kilograms of marijuana.

Alderete argues that the district court erred in the way in which it grouped the counts of conviction for the calculation of an advisory range of imprisonment pursuant to the United States Sentencing Guidelines (U.S.S.G.). The district court properly grouped all four counts of conviction together to determine the base offense level. Under U.S.S.G. §§ 3D1.1 and 3D1.2(b) and (d), the counts were grouped because they involved substantially the same harm. *See United States v. Lopez-Urbina*, 434 F.3d 750, 764 (5th Cir. 2005). They furthered the common criminal objective of trading in narcotics and were continuous in nature. *See id.* Alderete fails to show that the district court plainly erred in grouping all four offenses to determine the offense level for calculating the guidelines range of imprisonment. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Alderete further argues that the district court committed procedural error when it ordered the sentences to run consecutively and that the sentence is unreasonable because the district court failed to properly consider the sentencing factors of 18 U.S.C. § 3553(a). In *United States v. Saldana,* 427 F.3d 298, 308-09 n.41 (5th Cir. 2005), we held that "a district court has discretion under 18 U.S.C. § 3584 to depart upwardly by running sentences consecutively, even when U.S.S.G. § 5G1.2 would otherwise mandate that the sentences run concurrently." *See also United States v. Ronquillo*, 508 F.3d 744, 750-51 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2458 (2008). Although Alderete's sentence is

an upward departure, *see United States v. Martinez*, 274 F.3d 897, 903-05 (5th Cir. 2001) (holding that a consecutive sentence imposed contrary to the Guidelines is presumed to be a departure), the district court sufficiently explained the sentence, with reference to the § 3553(a) sentencing factors.

In setting the sentence, the district court reviewed its familiarly with narcotics trafficking cases and sentencing in such cases. The district court noted that Alderete had an opportunity to desist from further criminal conduct following his escape into Mexico after the September 24, 2005, incident, but instead of being deterred from further conduct Alderete returned to the narcotics trade. Moreover, the district court noted the large quantity of marijuana involved and the fact that the charges stemmed from two incidents. The district court need not "'engage in robotic incantations'" of each statutory factor. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (citation omitted). The district court's comments indicate that it considered the § 3553(a) factors in setting the sentence and that the sentence, although an upward departure, was responsive to the § 3553(a) factors and the specifics of these offenses. Alderete has failed to show that his sentence was unreasonable. *See United States v. Gall*, 128 S. Ct. 586, 597 (2007).

Alderete also challenges the district court's denial of a two-level downward adjustment for being a minor participant in the offense. Although U.S.S.G. § 3B1.2 permits a district court to decrease a defendant's offense level by two levels if the defendant was a minor participant in the offense, the reduction applies only when a defendant is substantially less culpable than the average participant. *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005). "This court has affirmed a finding that couriers whose only role in a drug offense was to transport a large amount of marijuana in an automobile are not entitled to minimal, or even minor, participant status." *United States v. Nevarez-Arreola*, 885 F.2d 243, 245 (5th Cir. 1989) (citation omitted).

The evidence to which Alderete admitted showed that he was the driver of the van on September 24, 2005, and October 23, 2005. In both instances, the evidence indicated that he deliberately drove to a location near the United States border with Mexico. With Alderete's knowledge, those vans were loaded with marijuana. In September, Alderete had intended to deliver the van loaded with marijuana to another individual, had Border Patrol agents not interfered. In October, Alderete delivered the van loaded with marijuana to Ortiz. Alderete admitted to his actual involvement in these offenses and § 3B1.2 does not require a reduction in his base offense level. *See United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995). Alderete has failed to show that the district clearly erred in denying the offense level adjustment. *See Villanueva*, 408 F.3d at 203 n.9.

For these reasons, we AFFIRM the decision of the district court.