**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2011

Lyle W. Cayce
Clerk

No. 09-40972
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL ALBERTO MORENO-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-301-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abel Alberto Moreno-Guzman appeals the 120-month prison sentence imposed after his guilty plea conviction for knowingly and intentionally possessing with intent to distribute more than five kilograms of cocaine. He argues that the district court erred by concluding that he was not entitled to a safety valve reduction because the Government's assertion that he was untruthful was based on mere conjecture. He further asserts that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by denying a two-level reduction for his minor role in the offense because he served as a mere courier.

We review the district court's decision whether to grant a safety valve adjustment for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). Here, the district court made an "independent determination," concluding that Moreno-Guzman's testimony was not credible. *See United States v. Miller*, 179 F.3d 961, 968 (5th Cir. 1999). We afford great deference to the district court's credibility determination. *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). Moreover, the district court's factual determination is plausible in light of the entire record. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). Accordingly, the district court did not clearly err in denying a safety valve reduction based on Moreno-Guzman's failure to truthfully and fully disclose to the Government. *See Miller*, 179 F.3d at 968.

Whether Moreno-Guzman was a minor participant is a factual determination that we review for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Moreno-Guzman's argument that we should consider a proposed amendment to Application Note 3(C) of U.S.S.G. § 3B1.2, which allegedly clarifies that a court can award a minor role reduction based on the defendant's assertions, is unavailing in light of the fact that the district court's denial of a minor role reduction was based upon other factors in addition to Moreno-Guzman's own assertions.

Moreno-Guzman's role in transporting approximately 24.25 kilograms of cocaine across the border was more than peripheral, as a courier is often "indispensable" to a drug-smuggling operation. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). Accordingly, his assertion that he was merely a courier does not automatically entitle him to a minor-role adjustment. *See United States v. Franklin,* 561 F.3d 398, 407 (5th Cir. 2009);*United States v. Nevarez-Arreola*, 885 F.2d 243, 245 (5th Cir. 1989).

No. 09-40972

For purposes of § 3B1.2, a defendant's participation in the offense is not to be evaluated with reference to the entire criminal enterprise of which the defendant was a part but in relation to the conduct for which the defendant was held accountable. *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Therefore, a defendant's participation in an offense is not minor if it is "coextensive with the conduct for which he was held accountable." *Id.* Moreno-Guzman's sentence was based entirely on the conduct that he was directly involved in and the quantity of drugs that he personally transported; thus, a minor role adjustment was not required. *See id.*

Accordingly, Moreno-Guzman did not establish that his role in the offense was peripheral. The district court did not clearly err in refusing to award a minor role adjustment. *See id.*; *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995). The judgment of the district court is AFFIRMED.