**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2011

Lyle W. Cayce
Clerk

No. 11-40342
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE EDUARDO FLORES-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-959-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jorge Eduardo Flores-Hernandez (Flores) appeals the 75-month sentence imposed following his guilty plea conviction of possession with intent to distribute more than five kilograms of cocaine.  He contends that the district court clearly erred by denying him a two-level reduction for his minor role in the offense because he served as a mere courier.

Following *United States v. Booker*, 543 U.S. 220 (2005), we continue to review a district court's application of the Sentencing Guidelines de novo and its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Whether Flores was a minor participant is a fact question that we review for clear error. *Id.* at 203.

Flores's role in transporting approximately 24.7 kilograms of cocaine across the border was more than peripheral, as a courier is often "indispensable" to a drug-smuggling operation. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). Accordingly, his assertion that he was merely a courier does not automatically entitle him to a minor-role adjustment. *See United States v. Franklin,* 561 F.3d 398, 407 (5th Cir. 2009); *United States v. Nevarez-Arreola*, 885 F.2d 243, 245 (5th Cir. 1989).

For purposes of § 3B1.2, a defendant's participation in the offense is not to be evaluated with reference to the entire criminal enterprise of which the defendant was a part, but in relation to the conduct for which the defendant was held accountable. *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Therefore, a defendant's participation in an offense is not minor if it is "coextensive with the conduct for which he was held accountable." *Id.* As Flores's sentence was based entirely on the conduct in which he was directly involved and the quantity of drugs that he personally transported, a minor-role adjustment was not required. *See id.*

As Flores thus did not establish that his role in the offense was peripheral, the district court did not clearly err in refusing to award a minor-role adjustment. *See id.*; *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995). The judgment of the district court is AFFIRMED.