# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50910
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL SANCHEZ-ENSALDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1074-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Israel Sanchez-Ensaldo appeals his 18-month sentence following his conviction for importation of and possession with intent to distribute marijuana. He argues that the district court erred in denying a U.S.S.G. § 3B1.2 reduction for his minor role in the offense. Sanchez-Ensaldo contends that he was entitled to the reduction because he acted merely as a courier.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50910

The district court's refusal to grant Sanchez-Ensaldo a two-level reduction for being a minor participant was not clearly erroneous. *See United States v. Villanueva*, 408 F.3d 193, 203 n.9 (5th Cir. 2005). Sanchez-Ensaldo's courier status did not entitle him to a role adjustment because a defendant may be a courier without being "substantially less culpable than the average participant." *See United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995); *United States v. Nevarez-Arreola*, 885 F.2d 243, 245 (5th Cir. 1989). Sanchez-Ensaldo's attempt to import a gross weight of 66.92 kilograms of marijuana provided an indispensable service to the drug-trafficking offense and was essential to its success. *See Brown*, 54 F.3d at 241; *see also United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). Moreover, Sanchez-Ensaldo was to be paid a large sum of money for his role in the activity and was solely responsible for transporting the marijuana to its final destination in Albuquerque, New Mexico. Based on the foregoing, it cannot be said that Sanchez-Ensaldo was peripheral to the advancement of the criminal activity and thus a minor participant. *See Villanueva*, 408 F.3d at 204.

AFFIRMED.